FILED

Oct 31   9 31 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICHARD GORDON** | : | **NO: 3:01cv1656(MRK)** |
| **Plaintiff** | : | |
| v. | | |
| **COMMISSION ON HUMAN RIGHTS AND** | : | |
| **OPPORTUNITIES, ET AL.** | | |
| **Defendants** | : | **OCTOBER 30, 2003** |

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS

Plaintiff RICHARD GORDON opposes the Motion to Dismiss dated August 18, 2003, as follows:

1. As to Count I (against the Connecticut Commission on Human Rights and Opportunities, "CCHRO," pursuant to Title VII), per federal regulation, where the EEOC finds, as it did here, that there is no reasonable cause to proceed or dismisses a Charge, no "Right to Sue" letter is needed or available from the United States Department of Justice;

2. As to Count III (against the Connecticut Department of Administrative Services and Pamela Libby in her official capacity, pursuant to 42 U.S.C. §§ 1981 and 1983), Pamela Libby is amenable to suit under 42 U.S.C. §§ 1981 and 1983;

3. As to Count II (against Cynthia Watts-Elder, Donald Newton and Leanne Appleton, pursuant to 42 U.S.C. §§ 1981 and 1983), Count III (against Pamela Libby in her official capacity, pursuant to 42 U.S.C. §§ 1981 and 1983), and Count IV (against Cynthia Watts-Elder, Donald Newton and Leanne Appleton, pursuant to 42 U.S.C. §§ 1981 and 1983),

the 11th Amendment does not bar monetary damages against the individual defendants in their official capacities;

4.  As to Counts II (against Cynthia Watts-Elder, Donald Newton and Leanne Appleton, pursuant to 42 U.S.C. §§ 1981 and 1983), and Count IV (against Cynthia Watts-Elder, Donald Newton and Leanne Appleton, pursuant to 42 U.S.C. §§ 1981 and 1983), Plaintiff may seek monetary relief under 42 U.S.C. § 1981 and §1983 for the national origin and race-based constitutional violations by state actors alleged; and

5.  As to Counts II (against Cynthia Watts-Elder, Donald Newton and Leanne Appleton, pursuant to 42 U.S.C. §§ 1981 and 1983) and Count IV (against Cynthia Watts-Elder, Donald Newton and Leanne Appleton, pursuant to 42 U.S.C. §§ 1981 and 1983), Title VII is not the exclusive remedy for retaliation for the exercise of various civil rights, and Plaintiffs' claims under 42 U.S.C. § 1983 are cognizable;

6.  Plaintiff concedes and withdraws his claims pursuant to 42 U.S.C. § 1983 against the Department of Administrative Services (only) in Count III.

**WHEREFORE,** Plaintiff seeks denial of the Defendants' Motion to Dismiss.

**FOR THE PLAINTIFF,**

Dated 10/30/03

_/s/ Wallace_
Susan V. Wallace, Esq.
11 Blue Orchard Drive
Middletown, Connecticut 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Plaintiff's Opposition to Motion to Dismiss" has been served upon:

Joseph A. Jordano, AAG
State of Connecticut, Office of the Attorney General
55 Elm Street
P.O. Box 120
New Haven, CT 06141-0120

on this 30 day of October 2003, via

    _X_ Regular U.S. Mail, first class, postage prepaid

    ____ U.S. Priority Mail

    ____ U.S. Express Mail or other overnight mail service

    ____ Facsimile

    ____ Hand-delivery

_/s/ Susan V. Wallace_
Susan V. Wallace, Esq.

4