UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD C. GORDON<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:01CV1656(MRK) |
| v. | : |
| COMMISSION ON HUMAN RIGHTS<br>AND OPPORTUNITIES, ET AL.<br>*Defendants* | :<br>:<br>: NOVEMBER 19, 2003 |

FILED Nov 20 2 26 PM '03 U.S. DISTRICT COURT NEW HAVEN, CONN.

### DEFENDANTS' REPLY TO PLAINTIFF'S
### MEMORANDUM IN RESISTENCE TO MOTION TO DISMISS

1.  **RIGHT TO SUE LETTER FROM USDOJ.**

Before plaintiff's counsel makes accusations against opposing counsel and seeks fees she should read the case law. Although 29 CFR § 1601.28 states that the EEOC will issue the right to sue letter to complainants when a charge has been dismissed against a government entity, the courts have rejected this CFR section as controlling because it conflicts with the plain language of the federal statute. In Ying Shen v. Oklahoma State Department of Health, 647 F.Supp. 189 (W.D. Okla. 1985), the court stated:

> The plaintiff cites an amendment to 29 CFR § 1601.28(d) which provides That the EEOC may issue the Right to Sue notice in this situation. However, **this language is in conflict with the express language of the statute, and therefore, is without effect.** (emphasis added).

Id. at 189. Accord, Woods v. State of Missouri Dept. of Mental Health, 582 F. Supp. 437, 442-43 (W.D.Mo 1984). Therefore, there is judicial authority for the proposition that the express language of 42 U.S.C. § 2000e-5(f)(1) is controlling. Such a position is consistent with federal law, the assertions of plaintiff's counsel to the contrary. More

important, the EEOC is not following 29 CFR § 1601.28. As recent as 2002, the EEOC was specifically informing complainants who filed claims against a state governmental entity that the Right to Sue Letter had to be obtained from the USDOJ. See Exhibit A attached hereto. Accordingly, if the plaintiff does not have a right to sue letter from the Attorney General as required by the express language of Title VII, his claim must be dismissed.

## 2. COUNT III AS TO DR. PAM LIBBY AND DAS.

Plaintiff's counsel spends a great deal of time reciting the law regarding personal liability under 42 U.S.C. § 1983 without ever getting to the essential question, namely – whether the plaintiff can maintain a § 1983 action against DAS and Dr. Libby in her official capacity. There is no dispute that Count Three alleges a claim against DAS and Dr. Pam Libby for violation of 42 U.S.C. §§ 1983 and 1981.

Furthermore, the defendants do not dispute that a state official may be liable in their personal capacity for monetary damages for violating a person's constitutional rights. Conversely, monetary damages cannot be awarded against a state agency or a state official acting in their official capacity, which is exactly what the plaintiff has plead in Count Three of his Amended Complaint. Regarding defendant DAS, in that Count, the plaintiff seeks monetary damages against a state agency (DAS). The defendants remind the court that a state agency is not a person for the purpose of Section 1983. This court has repeatedly reiterated the well established rule of law that "neither a state nor one of its agencies nor one of its officials of that agency sued in his or her official capacity is a "person" under § 1983. Gaby v. Board of Trustees of Technical Community Colleges, 2003 U.S. App. LEXIS 22106 (2d Cir. 2003); Spencer v. Doe, 139 F.3d 107, 111 (2d Cir.

2

1998); Pantojas-Garcia v. State University of New York, et al, 1998 U.S. Dist. LEXIS 22436 (N.D.N.Y. 1998). The Eleventh Amendment bars any claim for monetary relief under § 1983 directly against a state, one of its agencies or an official acting in their official capacity, in this case, defendant Dr. Pam Libby.[1] Ann Kennedy St. George v. Edwin S Mak, et al., 842 F.Supp. 625 (D. Conn 1993).

The same is true regarding actions directly against a state or its officials under 42 U.S.C. § 1981. See, Bland v. State of New York Unified Court System, 263 F.Supp. 2d 526 (E.D.N.Y. 2003). The states have not waived their immunity to suit under that statute.

Accordingly, plaintiff's §§ 1983 and 1981 claims for monetary damages against DAS and Dr. Libby, acting in her official capacity, must be dismissed.

### 3. MONETARY DAMAGES AGAINST STATE OFFICIALS ACTING IN THEIR OFFICIAL CAPACITIES.

On page 9 of her brief in footnote 2, plaintiff's counsel admits that monetary damages are not recoverable against a state official in his/her official capacity. Therefore, the plaintiff's claims for monetary damages against all the individual defendants in their official capacities must be dismissed.

### 4. SECTION 1981 CLAIMS BARRED BY SECTION 1983 AS THE EXCLUSIVE REMEDY.

Plaintiff's response to this issue is simply the repeat an argument that has been rejected by the 4th, 5th, 8th, 9th and 11th circuits, as well as by Judge Droney of this district in the case of Burbank v. Office of Attorney General, 240 F.Supp. 2d 167, 175 (D.Conn 2003). See, Oden v. Oktibbeha County, 246 F.3d 458 (5th Cir. 2001); Butts v.

---

[1] Paragraph 8 of the Amended Complaint reads: "The defendant, Dr. Pamela Libby, is sued in her official capacity as the Director of the Personnel Assessment Staffing, Department of Administrative Services."

3

County of Volusia, 222 F.3d 891, 894 (11th Cir. 2000); Dennis v. County of Fairfax, 55 F.3d 151, 156 n. 1 (4th Cir. 1995); Cerrato v. San Francisco Community College Dist., 26 F.3d 968 (9th Cir. 1994); Williams v. Little Rock Mun. Water Works, 21 F.3d 218 (8th Cir. 1994); Felton v. Polles, 315 F.3d 470, (WL 31819894. at *9) (5th Cir. 2002). Simply stated, these courts have rejected the argument that the 1991 amendment to the Civil Rights Act overruled the Supreme Court holding in Jett v. Dallas Independent School District, 491 U.S. 701 (1989). Although the Second Circuit has not yet ruled directly on this issue, there is no indication that this Circuit would rule differently. If the plaintiff proves his Section 1983 claim, he will have all the remedies available under that provision. The Supreme Court ruling in Jett is still controlling.

5. **TITLE VII AS THE EXCLUSIVE REMEDY FOR RETALIATION CLAIMS UNDER EQUAL PROTECTION**

Once again, before plaintiff's counsel makes an accusation she should read the case law and understand the legal principle being advanced by the defendants. The defendants submit that Title VII is the exclusive remedy in this case for the plaintiff's "retaliation" claim because the Equal Protection clause does NOT create a substantive right against retaliation. Count Four of the Amended Complaint does not state a cause of action for race or gender discrimination under the Equal Protection Clause. Instead, what the plaintiff alleges is that in 2001, after he left his employment with the CHRO, the defendants retaliated against him in various respects. (See Amended Complaint, ¶¶'s 44-50). In Annis v. Community of Westchester, New York, 36 F.3d 251 (1994), cited approvingly by plaintiff's counsel, is inapplicable because in that case the plaintiff did

not plead a claim for retaliation. Her claim was for disparate treatment because of her gender.[2]

Plaintiff's argument that he has not plead a claim for "general" or "generic" retaliation makes little sense as support for the notion that a *retaliation* claim can be premised solely upon his race or national origin. Two of the essential elements of a retaliation claim under federal law is that the plaintiff allege: (1) that he/she engaged in protected activity; and (2) that his employer was aware of the protected activity. Curley v. Village of Suffern, et al., 268 F.3d 65 (2d Cir. 2001)(First Amendment retaliation); Terry v. Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003)(retaliation under Title VII). It is not enough for the plaintiff to simply allege that he was retaliated against because he is black. Such a claim would necessary be of a "general" or "generic" nature, which the courts have rejected because the equal protection clause does not create a substantive right against retaliation. In Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996), the Court of Appeals held that only a certain type of retaliation claim could be premised upon a violation of the Equal Protection Clause. In rejecting the plaintiff's retaliation claim in that case based on complaints of racial discrimination, the court stated:

> The remaining harms that Bernheim sets forth in her equal protection claim are alleged to be the product, not of discrimination, but of retaliation for her complaints of discrimination. Although claims of retaliation are commonly brought under the First Amendment, . . . and may be brought under Title VII, we know of no court that has recognized a claim under the equal protection clause for **retaliation** following complaints of racial discrimination. Given the availability of Title VII, which Bernheim has chosen not to invoke, we see no reason to break new constitutional ground in this case. (emphasis added).

Id. at 141.

---

[2] Counsel cites the Annis case as issued in 2000, but defense counsel could not find such a case. The quote appearing in plaintiff counsel's brief recites language appearing verbatim from the 1994 case, that DOES not apparently supercede the holding in Bernheim v. Litt, 79 F.3d 318, 323 (2d Cir. 1996).

5

Thus, plaintiff's reliance on the <u>Annis</u> case cited in his brief is misplaced as factually distinguishable from the current facts. Furthermore, that case does not supercede the holding in <u>Bernheim,</u> as plaintiff's counsel contends.

## **CONCLUSION**

For all of the above reasons, the defendant renew their motion to dismiss aspects of the plaintiff's Amended Complaint.

        DEFENDANTS

        CONNECTICUT COMMISSION ON
        HUMAN RIGHTS AND
        OPPORTUNITIES, ET AL.,

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

By: _____
        Joseph A. Jordano
        Assistant Attorney General
        Federal Bar #/ct21487
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120
        Tel: (860) 808-5340
        Fax: (860) 808-5383
        E-mail: Joseph.Jordano@po.state.ct.us

## CERTIFICATION

The undersigned hereby certifies that on this 19th day of November, 2003, a true and accurate copy of the foregoing Defendant's Reply to Plaintiff's Memorandum In Resistance to Motion to Dismiss was sent by U.S. Mail, first class postage prepaid, to the following:

Susan Wallace
11 Blue Orchard Drive
Middletown, CT 06457

Joseph A. Jordano
Assistant Attorney General

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203-0208
PH: (617) 565-3200
TDD: (617) 565-3204
FAX: (617) 565-3196

DEC 2 7 2001

EXECUTIVE DIRECTOR'S OFFICE
# RECEIVED
JAN 0 2 2002
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Charge No.:

Dear

The Equal Employment Opportunity Commission (EEOC) has received your request for the issuance of a Notice of Right to Sue in connection with the above-referenced charge. Because the Respondent in this charge is from the public sector, the Notice of Right to Sue must be issued by the U.S. Department of Justice. Therefore, the request has been forwarded to that agency for action. The Department of Justice will act on your request as soon as possible and issue the Notice of Right to Sue directly to you. You will then have 90 days from your receipt of the Notice of Right to Sue to file suit in federal district court.

If you have any further questions concerning the issuance of the Notice of Right to Sue, you may write to the Department of Justice at the following address:

> Chief, Employment Litigation Section
> Civil Rights Division
> U. S. Department of Justice
> Washington, D.C. 20530

Please note that with the issuance of the Notice of Right to Sue the EEOC Will discontinue its administrative processing of this charge.

If you have any questions concerning the charge or the EEOC's processing, please call **Rance A. O'Quinn, Supv. at (617) 565-3192**.

Sincerely,

Robert L. Sanders
Area Director

cc: **State Of CT/CHRO**

**EXHIBIT NO. A**