88. The defendants CYNTHIA WATTS ELDER, DONALD NEWTON and DR. PAMELA LIBBY, together and with other unknown employees, officers, agents, and representatives of CHRO, conspired for the purposes of:

a.      Depriving Plaintiff of the equal protection of the laws and of equal privileges and immunities under the law; and/or

b.      Preventing or hindering the constituted authorities of the State of Connecticut from giving or securing to all persons within such State the equal protection of the law.

89. One or more of the defendants engaged in said conspiracy did or caused to be done one or more acts in furtherance of the object of such conspiracy, including:

a.      Engaging in systematic, institutionalized violations of the civil rights of employees and applicants for employment with CHRO on the basis of race, color, national origin, and sex;

b.      Maintaining policies, practices and customs that violate the civil rights of employees and applicants for employment with CHRO who make labor grievance and complaints of unlawful discrimination, harassment and retaliation by CHRO, its employees, officials, agents, or representatives;

c.      Denying Plaintiff employment and advancement in retaliation for his having made a labor grievance and complained of discrimination on the basis of his race, color, national origin, and sex;

d.      Denying Plaintiff employment and advancement on the basis of his race,

26

color, national origin, and sex.

  e.  Publishing false and defamatory statements about Plaintiff, as justification for terminating his employment, to retaliate against him and prevent him from seeking redress, and to damage him in his person and profession, all on the basis of his race, color, national origin, and sex.

  90. Plaintiff is entitled to recover damages for violations of 42 U.S.C. § 1985(3) pursuant to 42 U.S.C. § 1988.

  91. As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer deprivation and violation of her known federal civil rights as alleged herein.

  92. As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer the loss of his employment, pay, benefits and retirement credits.

  93. As a direct and proximate result of said conspiracy, Plaintiff incurred costs to obtain comparable employment.

  94. As a direct and proximate result of said conspiracy, Plaintiff's career was impeded and impaired.

  95. As a direct and proximate result of said conspiracy, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

  96. As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

  97. As a direct and proximate result of said conspiracy, Plaintiff must incur substantial costs and attorney's fees to seek appropriate redress.

27

**COUNT FIVE, AGAINST DEFENDANTS CYNTHIA WATTS ELDER, DONALD NEWTON, DR. PAMELA LIBBY: PURSUANT TO TITLE 42 U.S.C. §§ 1986, 1988**

Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

Paragraphs 62 through 74, inclusive, of Count Two are incorporated as paragraphs 62 through 74, as if fully set forth herein.

Paragraphs 62 through 74, inclusive, of Count Three are incorporated as paragraphs 75 through 87, as if fully set forth herein.

Paragraphs 88 and 89 of Count Four are incorporated as paragraphs 88 and 89, respectively, as if fully set forth herein.

90. Each defendant knew or should reasonably have known that one or more of the wrongs conspired to be done, as alleged in Count Four herein, pursuant to 42 U.S.C. § 1985, were to be committed, and had power to prevent or aid in preventing the commission of the same, and neglected or refused to exercise reasonable diligence to so.

91. As direct and proximate result of each defendants' failure or refusal to prevent said conspiracy to deprive Plaintiff of her civil rights, Plaintiff was and continued to be injured in her person and property and deprived of having and exercising the rights and privileges of a citizen of the United States, as alleged herein.

92. Plaintiff is entitled to recover damages for violations of 42 U.S.C. § 1986 pursuant to 42 U.S.C. § 1988.

93. As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer the loss of his employment, pay, benefits and retirement credits.

28

94. As a direct and proximate result of said conspiracy, Plaintiff incurred costs to obtain comparable employment.

95. As a direct and proximate result of said conspiracy, Plaintiff's career was impeded and impaired.

96. As a direct and proximate result of said conspiracy, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

97. As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

98. As a direct and proximate result of said conspiracy, Plaintiff must incur substantial costs and attorney's fees to seek appropriate redress.

## COUNT SIX, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: DEFAMATION

Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62. The defendants CYNTHIA WATTS ELDER and DONALD NEWTON published false statements about Plaintiff as alleged, to wit, that he was and is unqualified for employment as an ACC I at CHRO, that he held himself out as an attorney-at-law when he was not, that he is not an attorney-at-law, and that he reported that he worked at times that he did not, with knowledge that they were and are false, or with reckless disregard of whether they were and are false or not.

63. The defendants were not privileged to publish said false statements about Plaintiff.

29

64. As a direct and proximate result of said tortious conduct, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

65. As a direct and proximate result of said tortious conduct, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

66. As a direct and proximate result of said tortious conduct, Plaintiff incurred costs to obtain comparable employment.

67. As a direct and proximate result of said tortious conduct, Plaintiff's career was impeded and impaired.

68. As a direct and proximate result of said tortious conduct, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

69. As a direct and proximate result of said tortious conduct, Plaintiff must incur substantial costs and attorney's fees to seek appropriate redress.

**COUNT SEVEN, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: DEFAMATION BY FALSE LIGHT**

Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62. The defendants CYNTHIA WATTS ELDER and DONALD NEWTON published information about Plaintiff, to wit, that he was and is unqualified for employment as an ACC I at CHRO, that he held himself out as an attorney-at-law when he was not, that he is not an attorney-at-law, and that he reported that he worked at times that he did not.

63. The false information that the defendants published about Plaintiff portrays Plaintiff in a false light, to wit, that Plaintiff is dishonest, failed to attain a license to practice law,

30

misrepresents himself to be an attorney-at-law, and commits unethical, fraudulent and criminal conduct.

64. The defendants published said false information about Plaintiff to his co-workers, then-current employer, potential employers, the Connecticut and other states' Bar regulatory authorities, and others.

65. The false light in which the defendants portray Plaintiff is highly offensive to a reasonable person.

66. The false light in which the defendants portray Plaintiff invaded his privacy, to wit, it was made known to his co-workers, then-current employer, potential employers, the Connecticut and other states' Bar regulatory authorities, and his family.

67. The defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the portrayed and continue to portray Plaintiff.

68. As a direct and proximate result of said tortious conduct, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

69. As a direct and proximate result of said tortious conduct, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

70. As a direct and proximate result of said tortious conduct, Plaintiff incurred costs to obtain comparable employment.

71. As a direct and proximate result of said tortious conduct, Plaintiff's career was impeded and impaired.

31

72. As a direct and proximate result of said tortious conduct, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

73. As a direct and proximate result of said tortious conduct, Plaintiff must incur substantial costs and attorney's fees to seek appropriate redress.

## COUNT EIGHT, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: INTENTIONAL AND NEGLIGENT MISREPRESENTATION

Paragraphs 1 through 61 inclusive, are incorporated as if fully set forth herein.

62. Defendants CYNTHIA WATTS ELDER and DONALD NEWTON in the course of their business, profession or employment supplied false information for the guidance of Plaintiff in their business transactions, to wit, Plaintiff's employment at CHRO and the employment relationship between the Plaintiff and the defendants, in that the defendants repeatedly represented to Plaintiff that he would be employed permanently.

63. Defendants CYNTHIA WATTS ELDER and DONALD NEWTON failed to exercise reasonable care or competence in obtaining or communicating the information to Plaintiff.

64. Plaintiff justifiably relied upon the false information that defendants CYNTHIA WATTS ELDER and DONALD NEWTON supplied to him, to his detriment.

65. In reliance upon the defendants' misrepresentations, Plaintiff did not seek other employment outside CHRO for a time.

32

66. In reliance upon the defendants' misrepresentations, Plaintiff applied for admission to practice law in the State of Connecticut and sat for and passed the Connecticut Bar examination, all at substantial personal, cost and time.

67. The defendants' misrepresentations were in fact untrue and misrepresentations of the truth, to wit, the truth was that they had no intention or ability to employ Plaintiff permanently as an ACC I.

68. The defendants' misrepresentations were intentional or negligent.

69. As a direct and proximate result of said tortious conduct, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

70. As a direct and proximate result of said tortious conduct, Plaintiff incurred costs to obtain comparable employment.

71. As a direct and proximate result of said tortious conduct, Plaintiff's career was impeded and impaired.

72. As a direct and proximate result of said tortious conduct, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

73. As a direct and proximate result of said tortious conduct, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

74. As a direct and proximate result of said tortious conduct, Plaintiff must incur substantial costs and attorney's fees to seek appropriate redress.

**COUNT NINE, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON:
PROMISSORY ESTOPPEL**

33

Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62. As alleged, the defendants promised Plaintiff that he would be given permanent employment at CHRO.

63. As alleged, the defendants promised Plaintiff that his durational employment was in jeopardy in May 2001.

64. The defendants promised to employ of Plaintiff free of unlawful discrimination, harassment and retaliation.

65. The defendants should reasonably have expected that their promises would induce action or forbearance on the part of the Plaintiff.

66. As alleged, Plaintiff acted or did not act based on such promises, to wit, Plaintiff:

    a.    Continued working for CHRO in forbearance of securing other employment;

    b.    Submitted an incomplete application for the permanent ACC I position;

    c.    Accepted the Trainee position, at substantially lower compensation and status than Plaintiff's position of ACC I

67. As alleged, the defendants refused to fulfill, or breached, said promises.

68. Injustice can be avoided only by enforcement of said promises.

69. As a direct and proximate result of said breached promises, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

70. As a direct and proximate result of said breached promises, Plaintiff incurred costs to obtain comparable employment.

34

71. As a direct and proximate result of said breached promises, Plaintiff's career was impeded and impaired.

72. As a direct and proximate result of said breached promises, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

73. As a direct and proximate result of said breached promises, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

74. As a direct and proximate result of said breached promises, Plaintiff must incur substantial costs and attorney's fees to seek appropriate redress.

35

WHEREFORE, Plaintiff seeks the following relief:

1. Back pay and benefits pursuant to 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991, as alleged in Count One against CHRO;

2. Compensatory damages pursuant to 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991 alleged in Count One against CHRO; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Two against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Three against DR. PAMELA LIBBY in her personal capacity; pursuant to 42 U.S.C. §§ 1985(3) and 1988 alleged in Count Four against CYNTHIA WATTS ELDER, DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to 42 U.S.C. §§ 1986 and 1988 alleged in Count Five against CYNTHIA WATTS ELDER, DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to the common law of the State of Connecticut, as alleged in Counts Six, Seven, Eight, and Nine against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

3. Expectancy damages pursuant to the common law of the State of Connecticut alleged in Count Nine against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

4. Punitive damages pursuant to 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991 alleged in Count One against CHRO; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Two against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Three against DR. PAMELA LIBBY in her personal capacity; pursuant to 42 U.S.C. §§ 1985(3) and 1988 alleged in Count Four against CYNTHIA WATTS ELDER, DONALD NEWTON and DR. PAMELA LIBBY in their personal capacities; pursuant to 42 U.S.C. §§ 1986 and 1988 alleged in Count Five against CYNTHIA WATTS ELDER, DONALD NEWTON and DR. PAMELA LIBBY in their personal capacities; pursuant to the common law of the State of Connecticut, as alleged in Counts Six, Seven and Eight against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

5. Interest at the prevailing statutory rate from the date such sums would have been due and owing or accrued, on all money damages on all Counts and claims herein;

6. Costs, expert witness fees, and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991 alleged in Count One against CHRO; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Two against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Three against DR. PAMELA LIBBY in her personal capacity; pursuant

36

to 42 U.S.C. §§ 1985(3) and 1988 alleged in Count Four against CYNTHIA WATTS ELDER and DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to 42 U.S.C. §§ 1986 and 1988 alleged in Count Five against CYNTHIA WATTS ELDER, DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to the common law of the State of Connecticut alleged in Count Nine against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

7.   Declaratory relief, declaring that the acts of the CHRO alleged in Count One constitute discrimination, harassment and/or retaliation in employment on the basis of race, color, national origin, and sex in violation of 42 U.S.C. § 2000e, et seq., and that the acts, policies, practices, and customs of the defendants deprived Plaintiff of federal rights, as alleged pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), 1986, 1988 in Counts Two, Three, Four, Five, respectively;

8.   Injunctive relief against all defendants as this Court may deem appropriate, including:

a.   An order that each defendant shall fully comply with the provisions of 42 U.S.C. § 2000e, et seq., and the Connecticut Fair Employment Practices Act regarding employment, violation of which order by any defendant shall be remedied by payment to the Plaintiff of $10,000.00 for each violation, without impairing the right of Plaintiff to immediately seek redress in this Court for violations of said order;

b.   An order that all defendants found to have committed defamation or portrayed Plaintiff in a false light issue a retraction in the same manner as the defamatory publication was made, with a letter of apology and a separate letter of employment recommendation to Plaintiff accurately reflecting his employment history and performance with CHRO; and

9.   Such other relief in law or equity as this Court may deem appropriate.

37

**FOR THE PLAINTIFF,**

Dated __12/10/03__

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

38

EEOC Form 161 (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To:(Mr.) Richard C. Gordon<br>1 Mayfair Court<br>Bloomfield, CT 06002 | From: Equal Employment Opportunity Commission<br>Philadelphia District Office<br>The Bourse<br>21 S. Fifth Street, Suite 400<br>Philadelphia, PA  19106-2515 |

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 16AA03437 | Don Harris, Investigator | (215) 440-2648 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Marie M. Tomasso*      *May 30, 2001*

Enclosure(s)       Marie M. Tomasso, District Director                  *(Date Mailed)*

Information Sheet

cc:   State Of Connecticut
      Commission on Human Rights and Opportunities
      (Respondent)

*Exh. 14*

**CERTIFICATION OF SERVICE**

The undersigned counsel certifies that a copy of the foregoing "Second Amended Complaint" has been served upon:

Joseph A. Jordano, AAG
State of Connecticut
Office of the Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

on this 10th day of December, 2003, via

_____  Regular U.S. Mail, first class, postage prepaid

_____  U.S. Priority Mail

_____  U.S. Express Mail or other overnight mail service

_____  Facsimile

_____  Hand-delivery


Susan V. Wallace, Esq.

39