FILED

Dec 10  2 5ᴾᴹ '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICHARD GORDON** | : | **NO: 3:01cv1656(MRK)** |
| **Plaintiff** | : | |
| v. | | |
| **COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES, ET AL.** | : | |
| **Defendants** | : | **DECEMBER 10, 2003** |

### PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
### IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS

First, Plaintiff wishes to correct the title of his Memorandum, no. 47, which should read "Plaintiff's Memorandum In Support Of *Opposition to* Motion To Dismiss," which was inadvertently entitled "Plaintiff's Memorandum In Support of Motion To Dismiss."

As to the defendants' assertion that a Right to Sue letter issued by the U.S. DOJ is a jurisdictional prerequisite to a Title VII claim in federal court, they seem to be confusing an apparent ambiguity in statute which "does not expressly address the question of which agency should respond to a complainant's request for a right-to-sue letter *where the EEOC has not made a reasonable cause determination.*" Memorandum for the Acting Assistant Attorney General Civil Rights Division, dated October 7, 1999 (appended hereto as Exh. C, and posted on the DOJ's official website, containing extensive discussion of DOJ's responsibility vis-à-vis issuance of Right to Sue letters for Charges filed with EEOC) (emphasis added).

To wit, the case relied on by the defendants in their "Reply to Plaintiffs' Memorandum in Resistence to Motion to Dismiss" dated November 19, 2003 (at p. 1), <u>Ying Shen v. Oklahoma</u>

State Dep't of Health, 647 F. Supp. 189 (W.D. Okla. 1985), involves the question of the necessity of a Right to Sue letter from DOJ <u>in cases where the complainant sought and obtained the letter from EEOC before EEOC made any finding</u>. That simply is not the scenario in this case.

Here we have the opposite scenario, in which the Right to Sue letter was issued by EEOC after it <u>dismissed</u> the charge <u>with a finding of "no reasonable cause</u> to believe that discrimination has occurred." <u>See</u> Exh. C appended hereto. This scenario is unambiguously addressed by § 29 C.F.R. § 1601.28(d) (Exh. D, appended hereto), which expressly directs that "[i]n all cases where the respondent is a government, governmental agency, or a political subdivision, the Commission [EEOC] will issue the notice of right to sue when there has been a dismissal of a charge," and [i]n all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue ...."

EEOC controls the dismissal and "Right to Sue" letter process, in that EEOC determines whether it dismisses for "no reasonable cause," and whether DOJ sees Charges against government entities at all. To wit, requests for Right to Sue letters (unless DOJ has retained the case for litigation) can be made only directly to EEOC, and not to DOJ, and EEOC then asks DOJ for the letter for the Complainant. 29 C.F.R. § 1601.28 (Exh. D).

29 C.F.R. § 1601.28(d) is unequivocal that where the EEOC dismisses, as it did here, upon a finding of no reasonable cause to proceed, DOJ does not proceed to issue a Right to Sue Letter.

The DOJ's legal memorandum of October 7, 1999 (appended hereto as Exh. C, <u>see</u> n. 6) explains the policy and justice interests served by the different treatment under 29 C.F.R. §

2

1601.28(d) for charges EEOC dismisses or finds have no reasonable cause, and charges it never acts on before issuing a Right to Sue letter upon request of the complainant:

> The EEOC's authority to issue a right-to-sue notice in any case in which it has dismissed a charge against a state or local governmental entity for lack of probable cause is not inconsistent with our conclusion here. The EEOC amended its regulations in 1980 to provide that it would issue right-to-sue letters in those circumstances. See 29 C.F.R. § 1601.28(d). That limited authority does not depend on a conjunctive reading of the "or" in section 706(f)'s reference to "the Commission, or the Attorney General..." that would generally authorize either to issue the notice. Rather, the Commission made the 1980 amendment in response to the Eighth Circuit's decision in Shea v. City of St. Paul, 601 F.2d 345 (1979), dismissing an action as untimely even though the plaintiff filed suit within 90 days of the Justice Department's right-to-sue letter issued pursuant to section 706(f). The court held that Shea's action was time-barred because she filed it more than 90 days after receipt of the EEOC's dismissal notification pursuant to a different statutory provision from the one at issue here - section 706(b), which directs the Commission, upon finding no probable cause, to "dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." 42 U.S.C. 2000e-5(b) (emphasis added). Shea's interpretation of the EEOC's section 706(b) dismissal notification as a right-to-sue letter triggering the 90-day limitations period meant that, if the Attorney General had continued the practice of issuing separate right-to-sue letters under section 706(f), such letters would only create a trap for the unwary by erroneously suggesting that a complainant had 90 days from the Attorney General's notice within which to file her complaint. This Office found the 1980 regulatory amendment to be "not ... inconsistent with the enforcement scheme that Congress contemplated in enacting § 706(f)(1)" [citations omitted].

Thus, Plaintiff exhausted his administrative remedies when his Charge was dismissed with a finding and Right to Sue letter from EEOC. It would be plain error to dismiss Count I for lack of jurisdiction based on lack of a Right to Sue letter from DOJ.

The defendants cite only two inappositive trial court decisions for the proposition that failure to obtain a Right to Sue from DOJ is fatal to jurisdiction *in the instant case*. The first, Ying Shen v. Oklahoma State Dep't of Health, 647 F. Supp. 189 (W.D. Okla. 1985), is inappositive

because there, the court dismissed the complaint not just because the only Right to Sue letter came from EEOC, but because EEOC had not yet made a finding.

The other case cited by the defendants, Woods v. Missouri Dep't of Mental Health, 581 F. Supp. 437, 442-44 (W.D. Mo. 1984), supports Plaintiff's position. In Woods, EEOC dismissed the charge against a governmental entity and only EEOC would issue a Right to Sue letter. The court waived the requirement of a letter from DOJ, because "[p]laintiff should not be punished for the inability of the EEOC and Attorney General to follow the terms of the statute"). See also Dougherty v. Barry, 869 F.2d 605, 611 (D.C. Cir. 1989) (observing that DOJ review is necessary only if EEOC finds probable cause and cannot obtain compliance through conciliation).

The DOJ memorandum (Exh. C appended hereto, at n. 6) notes that two courts (Fouche v. Jekyll Island State Park Auth., 713 F.2d 1518, 1524 (11th Cir. 1983), and Ying Shen, supra at 189), have held that EEOC's 1980 amendments to its regulations on issuing Right to Sue letters "conflicts with the express language of Title VII." Nonetheless, the court in Fouche also waived the requirement of a Right to Sue letter from DOJ, as have other a number of other courts, see, e.g., Moore v. City of Charlotte, 754 F.2d 1100, 1104 n.1 (4th Cir.) cert. denied, 472 U.S. 1021 (1985) (declining to penalize plaintiff for "any EEOC assumption of Justice Department duties"); Solomon v. Hardison, 746 F.2d 699, 701-02 (11th Cir. 1984) (waiving requirement of Right to Sue letter from DOJ as nonjurisdictional); Fouche, supra at 1525-26 (also waiving as nonjurisdictional); Dillard v. Rumph, 584 F. Supp. 1266, 1268 n.1 (N.D. Ga. 1984) (waived).

Plaintiff's undersigned counsel asked EEOC to obtain a Right to Sue letter from DOJ, only to be told by EEOC that it is not possible under the law and under DOJ policy because

EEOC dismissed the Charge upon a finding "no reasonable cause." Counsel has endeavored to verify this with the DOJ unit that issues the Right to Sue letters, but has not received a response as of the date the Court ordered for filing this Supplemental Opposition. See Exh. A appended hereto, "Affidavit of Plaintiff's Counsel." In any event, obtaining a Right to Sue letter from DOJ, or making the two federal agencies conform to the defendants' notion so what they should be doing appears to be futile and impossible for Plaintiff to accomplish. The defendants are not prejudiced by the lack of a right too sue letter from DOJ instead of EEOC, and the broad remedial purposes of Title VII urge that the claim not be dismissed for something beyond Plaintiffs' powers to accomplish.

Plaintiff repeats his request for fees and costs of opposing that part of the Motion to Dismiss directed at Count I. It is inexcusable that neither the State Attorney General nor his clients who are this state's human rights investigatory agency and its top officials, who operate the agency pursuant to a charge investigation Sharing Agreement with and on behalf of EEOC, and who are a public sector employer subject to the "right to sue" provision set forth in the C.F.R., would not know the rules on Right to Sue letters, or would verify the same with DOJ prior to filing a Motion to Dismiss accusing Plaintiff of noncompliance, and prior to filing a Reply accusing his counsel of neglecting to review the law. The defendants at least should have withdrawn that part of their Motion to Dismiss after Plaintiff cited the C.F.R. in her initial Opposition Memorandum, and at the recent status conference with the Court, discussed the DOJ legal memorandum that is posted on its website. Plaintiff is therefore entitled to reasonable

5

attorney's fee and costs of having to respond, again, to this pleading which fails the good faith requirement of Rule 11.

Dated 12/13/03

FOR THE PLAINTIFF,

Susan V. Wallace
~ *Attorney at Law* ~
11 Blue Orchard Drive
Middletown, CT 06457
Tel: (860) 704-0472  Fax: -0490
law4us@rcn.com
Fed Bar No. CT08134

6

Exh. A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICHARD GORDON**<br>**Plaintiff** | : | NO: 3:01cv1656(MRK) |
| | : | |
| v. | | |
| | : | |
| **COMMISSION ON HUMAN RIGHTS AND**<br>**OPPORTUNITIES, ET AL.**<br>**Defendants** | : | DECEMBER 10, 2003 |

### AFFIDAVIT OF PLAINTIFFS' COUNSEL

1. I am Susan V. Wallace, Esq. I am over the age of eighteen years, have personal knowledge of the matters stated herein, and believe in the obligation of an oath.

2. I represent the Plaintiff Richard Gordon in the above-captioned action.

3. On October 29, 2003, the undersigned Plaintiff's counsel faxed a letter to EEOC Boston (see copy appended hereto as Exh. A-1) asking for a copy of the EEOC's and U.S. Department of Justice's ("DOJ's") Right to Sue letter, or that, as is the practice of these agencies, EEOC request a Right to Sue letter for Plaintiff from DOJ.

4. On said date, both EEOC offices informed the undersigned Plaintiff's counsel that it is not possible under the law and under DOJ policy to obtain a Right to Sue letter from DOJ in this case, because: (a) it is a charge against a state governmental employer, and (b) EEOC dismissed the charge with a finding of "no reasonable cause to believe that discrimination has occurred." See Exh. A of Plaintiff's Second Amended Complaint, copy of "Dismissal and Notice of Rights" from EEOC.

5. Counsel tried unsuccessfully to obtain a response and further information from DOJ by telephone messages left on said date with the DOJ unit in Washington, D.C. responsible for issuing Right to Sue letters, and by letter to such DOJ unit dated December 5, 2003, (copy appended hereto as Exh. A-2).

6. Counsel telephoned the EEOC Philadelphia office again on December 9, 2003, and left a message for the Chief Administrative Law Judge, but no answer was received in time for filing of this Affidavit.

Exh. A.

*Affidavit of Plaintiffs' Counsel*
*2 of 2*

      7.      Counsel telephoned the DOJ in Washington, D.C. again on December 9, 2003, left a message with the Secretary for Ms. Karen Ferguson who is responsible for issuing DOJ's Right to Sue letters, and tried unsuccessfully to fax a copy of counsel's letter to DOJ dated December 5th (Exh. A-2), and left a message on Ms. Ferguson's voicemail, but no answer was received in time for filing of this Affidavit.

      8.      It is my belief as counsel that pursuit of a Right to Sue letter from DOJ is impossible and futile, in light of the controlling authorities set forth in Plaintiff's Opposition and Supplemental Opposition to the defendants' Motion to Dismiss.

*The above statements are true and accurate to the best of my knowledge and belief.*

_____
Susan V. Wallace, Esq.
Fed Bar No. CT08134

# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive  
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490  
email: law4us@rcn.com

## FACSIMILE TRANSMITTAL SHEET

### URGENT REQUEST FOR RELEASE/RT TO SUE FROM DOJ

TO: EEOC, Boston

No. (617) 565-3196

Date: 10-29-03

RE: Richard Gordon v. Commission on Human Rights and Opportunities (FEPA Charge No. 0130100, EEOC No. ?)

No. of pages (including cover sheet): 1  
(If less than all pages are received, please call the above number.)

Message: I represent abovesaid Complainant in his lawsuit currently pending in the federal district court in Connecticut, arising out of this dual-filed Charge. Request that you fax me a copy of any Right to Sue or Release of Jurisdiction issued by EEOC or DOJ. If it has not been done yet, request EXPEDITED request for the same to DOJ. We have a deadline Oct. 31st to file a brief with the court regarding the issue of whether there is an agency release of the Charge.

*/s/ Wallace*

Note: This message is intended only for the use of the individual or entity to which it is addressed, and contains information which is confidential, privileged and exempt from disclosure under applicable law. Gentle Reader, if you are not the person this message is addressed to, or that person's employee or agent responsible for delivering this message to the person to whom it is addressed, then you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you for your consideration and honesty!

Exh A-1

# Susan V. Wallace
~ *Attorney at Law* ~

11 Blue Orchard Drive  
Middletown, Connecticut 06457

tel: (860) 704-0472, fax -0490  
email: law4us@rcn.com

December 5, 2003

U.S. Department of Justice  
950 Pennsylvania Avenue, N.W.  
Attn: Ms. Karen L. Ferguson, EMP, PHB, Room 4239  
Washington, D.C. 20530

    Re:   <u>Richard C. Gordon v. CCHRO, et al.</u>, EEOC Charge No. 161200000670  
          (now dkt. no. 3:01CV1656(MRK) (D. Conn.))

Dear Ms. Ferguson:

    I represent the Complainant Richard Gordon in the abovesaid lawsuit currently pending in the U.S. District Court for Connecticut, arising out of the EEOC Charge indicated. Note that this Charge would normally have been investigated by EEOC's Boston office, but was sent to EEOC's Philadelphia office because the employer charged is the Connecticut FEPA, which dual-processes for EEOC Boston.

    A question has arisen for the Court as to whether DOJ is able to issue a Right to Sue letter after EEOC dismisses a Charge with a finding of "no reasonable cause to believe discrimination has occurred." The Court is reviewing whether or not the failure of DOJ to issue its own Right to Sue letter deprives the Court of jurisdiction over a Title VII claim.

    I asked EEOC to seek a Right to Sue Letter from DOJ, and was informed that despite what Title VII and the Civil Rights Act of 1991 say, DOJ no longer issues Right to Sue letters if EEOCs dismisses for "no reasonable cause." I see this indicated on the DOJ's website, in a policy memorandum which in turn refers to 29 C.F.R. § 1601.28(d), setting forth this procedure.

    The respondent/defendant (the Connecticut FEPA, "CCHRO") is trying to have the Title VII claim dismissed, asserting that lack of subject matter jurisdiction based on a failure to exhaust administrative remedies because DOJ has not released the Charge. The Court (Kravitz, U.S.D.J.) indicated it would entertain a letter from DOJ confirming that my client does not need a Right to Sue letter from DOJ because EEOC dismissed his Charge for "no reasonable cause." **The Court ordered any such documentation from DOJ to be presented by December 10, 2003, so please fax the documentation to me by the 9th.**

    I apologize for the short notice, and appreciate your assistance in this matter.

                                  Sincerely,

                                  Susan V. Wallace, Esq.

Exh. A2