67.    At all relevant times, defendants CYNTHIA WATTS ELDER and DONALD NEWTON knew or should have known that each other and the other defendants named in this lawsuit, and other unnamed employees, officials, agents, or representatives of the State of Connecticut were violating the Plaintiff's civil rights, and each had the ability and the duty to act to prevent or stop the other individual defendants from violating the Plaintiff's civil rights, but they failed to do so.

68.    Plaintiff is entitled to recover damages for said violations of 42 U.S.C §§ 1981 and 1983 pursuant to 42 U.S.C. § 1988.

69.    As a direct and proximate result of said deprivations of civil rights, Plaintiff suffered and continues to suffer the loss of his employment, pay, benefits and retirement credits.

70.    As a direct and proximate result of said deprivations of civil rights, Plaintiff incurred costs to obtain comparable employment.

71.    As a direct and proximate result of said deprivations of civil rights, Plaintiff's career was impeded and impaired.

72.    As a direct and proximate result of said deprivations of civil rights, Plaintiff's personal and professional reputation and relations with co-workers and peers have been irreparably harmed.

- 26 -

73.    As a direct and proximate result of said deprivations of civil rights, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

74.    As a direct and proximate result of said deprivations of civil rights, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

**COUNT THREE, AGAINST DEFENDANT DR. PAMELA LIBBY:  PURSUANT TO TITLE 42 U.S.C. §§ 1981, 1983, 1988**

1-61.    Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62.    At all relevant times herein, Plaintiff had the following clearly established federal rights:

      a.    The right to Free Speech and to petition for redress from the government, to wit, by utilizing the State's appeal process for denial of his application for the Representative position, by filing a union grievance, and by filing a Charge of Discrimination, secured by the First Amendment to the U.S. Constitution;

      b.    The right to Equal Protection of the Laws mandating equal terms, conditions and privileges of public employment with White and American-born persons of both sexes, secured by the Fifth Amendment to the U.S. Constitution.

c.     The right to Due Process of Law for deprivation of his fundamental property interest in his public employment secured by the Fourteenth Amendment; and

d.     The rights secured by 42 U.S.C. § 1981 to be free of discrimination on the basis of race and national origin in the making, enforcement and performance of contracts, including employment applications and the employment relationship.

63.     Defendant DR. PAMELA LIBBY, with malice or deliberate indifference, infringed Plaintiff's rights secured by the First Amendment to Free Speech and to petition for redress from the government, by one or more of the following acts or failures to act:

a.     Selectively enforcing requirements for employment and for advancement as an ACC I and a Representative, and for appeal rights for the denial of his application for the permanent Representative position, against Plaintiff;

b.     Denying Plaintiff employment and advancement for positions for which he was otherwise qualified, to wit, ACC I and Representative;

c.     Demoting Plaintiff;

- 28 -

    d.    Terminating Plaintiff's employment;

    e.    Not promulgating, maintaining and enforcing adequate, meaningful and effective policies and procedures for Plaintiff and other employees and applicants for employment with CHRO to complain of civil rights violations, and for investigating and discipline in the event of such complaints.

64.    Defendant DR. PAMELA LIBBY, with malice or deliberate indifference, violated Plaintiff's right to Equal Protection of the Law secured by the Fifth Amendment, by the following acts or failures to act based on race, national origin or sex:

    a.    Engaging in systematic, institutionalized violations of the civil rights of employees and applicants for employment with CHRO;

    b.    Selectively enforcing requirements for employment and for advancement as an ACC I and a Representative, and for appeal rights for the denial of his application for the permanent Representative position, against Plaintiff;

    c.    Denying Plaintiff employment and advancement for positions for which he was otherwise qualified;

    d.    Demoting Plaintiff;

    e.    Terminating Plaintiff's employment;

- 29 -

f.  Not promulgating, maintaining and enforcing policies, practices or customs of hiring and advancing protected class employees and applicants on an equal basis with White and American-born female employees and applicants for employment with CHRO;

g.  Not promulgating, maintaining and enforcing adequate, meaningful and effective policies and procedures for employees and applicants for employment with CHRO to complain of civil rights violations, and for investigation and discipline in the event of such complaints; and

h.  Creating and maintaining a workplace environment at CHRO hostile to protected class members.

65.  Defendant DR. PAMELA LIBBY, with malice or deliberate indifference, violated Plaintiff's rights secured by the Fourteenth Amendment by depriving him of his employment, pay, benefits, retirement credits, and professional reputation without Due Process of Law.

66.  Defendant DR. PAMELA LIBBY, with malice or deliberate indifference, violated Plaintiff's rights secured by 42 U.S.C. § 1981 to be free of discrimination on the basis of race and national origin in the making, enforcement and performance of contracts,

- 30 -

including employment applications and the employment relationship, by depriving him of his employment, pay, benefits, retirement credits, and professional reputation.

67.     At all relevant times, defendant DR. PAMELA LIBBY knew or should have known that the other individual defendants named in this lawsuit, and other unknown employees, officials, agents, or representatives of CHRO, were violating the Plaintiff 's civil rights, and LIBBY had the ability and the duty to act to prevent or stop the other individual defendants from violating Plaintiff's civil rights, but she failed ore refused to do so.

68.     Plaintiff is entitled to recover damages for violations of 42 U.S.C. §§ 1981 and 1983 pursuant to U.S.C. § 1988.

69.     As a direct and proximate result of said deprivations of civil rights, Plaintiff suffered and continues to suffer the loss of his employment, pay, benefits and retirement credits.

70.     As a direct and proximate result of said deprivations of civil rights, Plaintiff incurred costs to obtain comparable employment.

71.     As a direct and proximate result of said deprivations of civil rights, Plaintiff's career was impeded and impaired.

- 31 -

72.    As a direct and proximate result of said deprivations of civil rights, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

73.    As a direct and proximate result of said deprivations of civil rights, Plaintiff's suffered and continues to suffer stress and mental/emotional distress.

74.    As a direct and proximate result of said deprivations of civil rights, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

**COUNT FOUR, AGAINST DEFENDANTS CYNTHIA WATTS ELDER, DONALD NEWTON, AND DR. PAMELA LIBBY, PURSUANT TO TITLE 42 U.S.C. §§ 1985(3), 1988**

1-61.    Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62-74.    Paragraphs 62 through 74, inclusive, of Count Three are incorporated as Paragraphs 75 through 87, as if fully set forth herein.

88.    The defendants CYNTHIA WATTS ELDER, DONALD NEWTON and DR. PAMELA LIBBY, together and with other unknown employees, offices, agents, and representatives of CHRO, conspired for the purposes of:

a.    Depriving Plaintiff of the equal protection of the laws and of equal privileges and immunities under the law; and/or

- 32 -

    b.      Preventing or hindering the constituted authorities of the State of Connecticut from giving or securing to all persons within such State the equal protection of the law.

89.    One or more of the defendants engaged in said conspiracy, did or caused to be done one or more acts in furtherance of the object of such conspiracy, including:

    a.      Engaging in systematic, institutionalized violation of the civil rights of employees and applicants for employment with CHRO on the basis of race, color, national origin, and sex;

    b.      Maintaining policies, practices and customs that violate the civil rights of employees and applicants for employment with CHRO who made labor grievances and complaints of unlawful discrimination, harassment and retaliation by CHRO, its employees, officials, agents or representatives;

    c.      Denying Plaintiff employment and advancement in retaliation for his having made a labor grievance and complained of discrimination on the basis of his race, color, national origin, and sex;

    d.      Denying Plaintiff employment and advancement on the basis of his race, color, national origin, and sex.

- 33 -

      e.     Publishing false and defamatory statements about Plaintiff, as justification for terminating his employment, to retaliate against him and prevent him from seeing redress, and to damage him in his person and profession, all on the basis of his race, color, national origin, and sex.

90.     Plaintiff is entitled to recover damages for violation of 42 U.S.C. § 1985(3) pursuant to 42 U.S.C. § 1988.

91.     As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer deprivation and violation of her known federal civil rights as alleged herein.

92.     As a direct and proximate result of said deprivations of civil rights, Plaintiff suffered and continues to suffer the loss of his employment, pay, benefits and retirement credits.

93.     As a direct and proximate result of said deprivations of civil rights, Plaintiff incurred costs to obtain comparable employment.

94.     As a direct and proximate result of said deprivations of civil rights, Plaintiff's career was impeded and impaired.

- 34 -

95.     As a direct and proximate result of said deprivations of civil rights, Plaintiff's personal and professional reputations and relations with other co-workers and peers have been irreparably harmed.

96.     As a direct and proximate result of said deprivations of civil rights, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

97.     As a direct and proximate result of said deprivations of civil rights, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

**COUNT FIVE, AGAINST DEFENDANTS CYNTHIA WATTS ELDER, DONALD NEWTON, DR. PAMELA LIBBY, PURSUANT TO TITLE 42 U.S.C. §§ 1986, 1988**

1-61.   Paragraphs 1 through 61, inclusive, are incorporated as fully set forth herein.

62-74.   Paragraphs 62 through 74, inclusive, of Count Two are incorporated as Paragraphs 62 through 74, as if fully set forth herein.

75-87.   Paragraphs 75 through 87, inclusive, of Count Three are incorporated as Paragraphs 75 through 87, as if fully set forth herein.

88-89.   Paragraphs 88 and 89 of Count Four are incorporated as Paragraphs 88 and 89, respectively, as if fully set forth herein.

90.     Each defendant knew of should reasonably have known that one or more of the wrongs conspired to be done, as alleged in Count Four herein, pursuant to 42 U.S.C.

- 35 -

§ 1985, were to be committed, and had power to prevent or aid in preventing the commission of the same, and neglected or refused to exercise reasonable diligence to do so.

91.    As a direct and proximate result of each defendants' failure or refusal to prevent said conspiracy to deprive Plaintiff of his civil rights, Plaintiff was and continued to be injured in his person and property and deprived of having and exercising the rights and privileges of a citizen of the United States, as alleged herein.

92.    Plaintiff is entitled to recover damages for violations of 42 U.S.C. § 1985 pursuant to 42 U.S.C. § 1988.

93.    As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer the loss of his employment, pay, benefits and retirement credits.

94.    As a direct and proximate result of said conspiracy, Plaintiff incurred costs to obtain comparable employment.

95.    As a direct and proximate result of said conspiracy, Plaintiff's career was impeded and impaired.

96.    As a direct and proximate result of said conspiracy, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

- 36 -

97.     As a direct and proximate result of said conspiracy, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

98.     As a direct and proximate result of said conspiracy, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

## COUNT SIX, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: DEFAMATION

1-61.   Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62.     The defendants CYNTHIA WATTS ELDER and DONALD NEWTON published false statements about Plaintiff as alleged, to wit, that he was and is unqualified for employment as an ACC I at CHRO, that he held himself out as an attorney-at-law when he was not, that he is not an attorney-at-law, and that he reported that he worked at times that he did not, with knowledge that they were and are false, or with reckless disregard of whether they were and are false or not.

63.     The defendants were not privileged to publish said false statements about Plaintiff.

64.     As a direct and proximate result of said tortuous conduct, Plaintiff's personal and professional reputations and relations wit co-workers and peers have been irreparably harmed.

- 37 -

65.    As a direct and proximate result of said tortuous conduct, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

66.    As a direct and proximate result of said tortuous conduct, Plaintiff incurred costs to obtain comparable employment.

67.    As a direct and proximate result of said tortuous conduct, Plaintiff's career was impeded and impaired.

68.    As a direct and proximate result of said tortuous conduct, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

69.    As a direct and proximate result of said tortuous conduct, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

**COUNT SEVEN, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: DEFAMATION BY FALSE LIGHT**

1-61.    Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62.    The defendants CYNTHIA WATTS ELDER and DONALD NEWTON published information about Plaintiff, to wit, that he was and is unqualified for employment as an ACC I at CHRO, that he held himself out as an attorney-at-law when he was not, that he is not an attorney-at-law, and that he reported that he worked at times that he did not.

- 38 -

63.     The false information that the defendant published about Plaintiff portrays Plaintiff in a false light, to wit, that Plaintiff is dishonest, failed to attain a license to practice law, misrepresents himself to be an attorney-at-law, and commits unethical, fraudulent and criminal conduct.

64.     The defendants published said false information about Plaintiff to his co-workers, then-current employer, potential employers, the Connecticut and other states' Bar regulatory authorities, and others.

65.     The false light in which the defendants portray Plaintiff is highly offensive to a reasonable person.

66.     The false light in which the defendants portray Plaintiff invaded his privacy, to wit, it was made known to his co-workers, then-current employer, potential employers, the Connecticut and other states' Bar regulatory authorities, and his family.

67.     The defendants had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the defendants portrayed and continue to portray Plaintiff.

68.     As a direct and proximate result of said tortuous conduct, Plaintiff's personal and professional reputations and relations wit co-workers and peers have been irreparably harmed.

- 39 -

69.    As a direct and proximate result of said tortuous conduct Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

70.    As a direct and proximate result of said tortuous conduct, Plaintiff incurred costs to obtain comparable employment.

71.    As a direct and proximate result of said tortuous conduct, Plaintiff's career was impeded and impaired.

72.    As a direct and proximate result of said tortuous conduct, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

73.    As a direct and proximate result of said tortuous conduct, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

## COUNT EIGHT, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: INTENTIONAL AND NEGLIGENT MISREPRESENTATION

1-61.    Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62.    Defendants CYNTHIA WATTS ELDER and DONALD NEWTON in the course of their business, profession or employment supplied false information for the guidance of Plaintiff in their business transactions, to wit, Plaintiff's employment at CHRO and the employment relationship between the Plaintiff and the defendants, in that the defendants repeatedly represented to Plaintiff that he would be employed permanently.

- 40 -

63.    Defendants CYNTHIA WATTS ELDER and DONALD NEWTON failed to exercise reasonable care or competence in obtaining or communicating the information to Plaintiff.

64.    Plaintiff justifiably relied upon the false information that defendants CYNTHIA WATTS ELDER and DONALD NEWTON supplied to him, to his detriment.

65.    In reliance upon the defendants' misrepresentations, Plaintiff did not seek other employment outside CHRO for a time.

66.    In reliance upon the defendants' misrepresentations, Plaintiff applied for admission to practice law in the State of Connecticut and sat for and passed the Connecticut Bar examination, all at substantial personal cost and time.

67.    The defendants' misrepresentations were in fact untrue and misrepresentations of the truth, to wit, the truth was that they had no intention or ability to employ Plaintiff permanently as an ACC I.

68.    The defendants' misrepresentations were intentional or negligent.

69.    As a direct and proximate result of said tortuous conduct, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

70.    As a direct and proximate result of said tortuous conduct, Plaintiff incurred costs to obtain comparable employment.

- 41 -

71.    As a direct and proximate result of said tortuous conduct, Plaintiff's career was impeded and impaired.

72.    As a direct and proximate result of said tortuous conduct, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

73.    As a direct and proximate result of said tortuous conduct, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

74.    As a direct and proximate result of said tortuous conduct, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

**COUNT NINE, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON:
PROMISSORY ESTOPPEL**

1-61.    Paragraphs 1 through 61, inclusive, are incorporated as if fully set forth herein.

62.    As alleged, the defendants promised Plaintiff that he would be given permanent employment at CHRO.

63.    As alleged, defendants promised Plaintiff that his durational employment was in jeopardy in May 2001.

64.    The defendants promised to employ Plaintiff free of unlawful discrimination, harassment and retaliation.

- 42 -

65.    The defendants should reasonably have expected that their promises would induce action or forbearance on the part of Plaintiff.

66.    As alleged, Plaintiff acted or did not act based on such promises, to wit, Plaintiff:

   a. Continued working for CHRO in forbearance of securing other employment;

   b. Submitted an incomplete application for the permanent ACC I position;

   c. Accepted the Trainee position, at substantially lower compensation and status than Plaintiff's position of ACC I.

67.    As alleged, the defendants refused to fulfill, or breached, said promises.

68.    Injustice can be avoided only by enforcement of said promises.

69.    As a direct and proximate result of said breached promises, Plaintiff suffered and continues to suffer the loss of pay, benefits and retirement credits.

70.    As a direct and proximate result of said breached promises, Plaintiff incurred costs to obtain comparable employment.

71.    As a direct and proximate result of said breached promises, Plaintiff's career was impeded and impaired.

- 43 -

72.     As a direct and proximate result of said breached promises, Plaintiff's personal and professional reputations and relations with co-workers and peers have been irreparably harmed.

73.     As a direct and proximate result of said breached promises, Plaintiff suffered and continues to suffer stress and mental/emotional distress.

74.     As a direct and proximate result of said beached promises, Plaintiff must incur substantial costs and attorneys' fees to seek appropriate redress.

- 44 -

WHEREFORE, Plaintiff seeks the following relief:

1. Back pay and benefits pursuant to 42 U.S.C. § 2000e, et seq. and the Civil Rights Act of 1991, as alleged in Count One against CHRO;

2. Compensatory damages pursuant to 42 U.S.G. § 2000e, et . and the Civil Rights Act of 1991 alleged in Count One against CHRO; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Two against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Three against DR. PAMELA LIBBY in her personal capacity; pursuant to 42 U.S.C. §§ 1985(3) and 1988 alleged in Count Four against CYNTHIA WATTS ELDER, DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to 42 U.S.C. §§ 1986 and 1988 alleged in Count Five against CYNTHIA WATTS ELDER, DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to the common law of the State of Connecticut, as alleged in Counts Six, Seven, Eight, and Nine against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

3. Expectancy damages pursuant to the common law of the State of Connecticut alleged in Count Nine against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

- 45 -

4. Punitive damages pursuant to 42 U.S.C. § 2000e, et . and the Civil Rights Act of 1991 alleged in Count One against CHRO; pursuant to 42 U.S.G. §§ 1981, 1983, 1988 alleged in Count Two against CYNTHIA WATTS ELDER and DONALD NEWTON in their

personal capacities; pursuant to 42 U.S. C. §§ 1981, 1983, 1988 alleged in Count Three against DR. PAMELA LIBBY in her personal capacity; pursuant to 42 U.S.C. §§ 1985(3) and 1988 alleged in Count Four against CYNTHIA WATTS ELDER, DONALD NEWTON and DR. PAMELA LIBBY in their personal capacities; pursuant to 42 U.S.C. §§ 1986 and 1988 alleged in Count Five against CYNTHIA WATTS ELDER, DONALD NEWTON and DR. PAMELA LIBBY in their personal capacities; pursuant to the common law of the State of Connecticut, as alleged in Counts Six, Seven and Eight against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

5. Interest at the prevailing statutory rate from the date such sums would have been due and owing or accrued, on all money damages on all Counts and claims herein;

6. Costs, expert witness fees, and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e, et . and the Civil Rights Act of 1991 alleged in Count One against CHRO; pursuant to 42 U.S.C. §§ 1981, 1983, 1988 alleged in Count Two against OYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities; pursuant to 42 U.S.G. §§ 1981, 1983,

- 46 -

1988 alleged in Count Three against DR. PAMELA LIBBY in her personal capacity; pursuant to 42 U.S.C. §§ 1985(3) and 1988 alleged in Count Four against CYNTHIA WATTS ELDER and DONALD NEWTON, and DR. PAMELA L_BBY in their personal capacities; pursuant to 42 D.S.C. §§ 1986 and 1988 alleged in Count Five against CYNTHIA WATTS ELDER, DONALD NEWTON, and DR. PAMELA LIBBY in their personal capacities; pursuant to the common law of the State of Connecticut alleged in Count Nine against CYNTHIA WATTS ELDER and DONALD NEWTON in their personal capacities;

7. Declaratory relief, declaring that the acts of the CHRO alleged in Count One constitute discrimination, harassment and/ or retaliation in employment on the basis of race, color, national origin, and sex in violation of 42 D.S.C. § 2000e, et seq., and that the acts, policies, practices, and customs of the defendants deprived Plaintiff of federal rights as alleged pursuant to 42 D.S.C. §§ 1981,1983,1985(3),1986, 1988 in Counts Two, Three, Four, Five, respectively;

8. Injunctive relief against all defendants as this Court may deem appropriate including:

    a. An order that each defendant shall fully comply with the provisions of 42 U.S.C. § 2000e, et seq., and the Connecticut Fair Employment Practices Act regarding employment, violation of which order by any defendant shall be

remedied by payment to the Plaintiff of $10,000.00 for each violation, without

impairing the right of Plaintiff to immediately seek redress in this Court for

violations of said order;

b.      An order that all defendants found to have committed defamation or

portrayed Plaintiff in a false light issue a retraction in the same manner as the

defamatory publication was made, with a letter of apology and a separate

letter of employment recommendation to Plaintiff accurately reflecting his

employment history and performance with CHRO; and

9.      Such other relief in law or equity as this Court may deem appropriate.

PLAINTIFF,

BY _____
Igor I. Sikorsky, Jr.
P.O. Box 38
Unionville, CT 06085
(860) 675-5313
Fed. Bar #04233

- 48 -

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed first-class, postage prepaid on this 23rd day of August, 2004, to the following:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Mr. Richard Gordon
1 Mayfair Court
Bloomfield, CT 06002

**And**

1103 Yarrow Circle
Dayton, NJ 08810

Igor I. Sikorsky, Jr.

- 49 -