UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD C. GORDON | : | NO. 3:01CV1656(MRK) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| COMMISSION ON HUMAN RIGHTS | : | |
| AND OPPORTUNITIES, ET AL. | : | |
| *Defendants* | : | August 31, 2004 |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO THIRD AMENDED COMPLAINT

COMES NOW the defendants and for their answer to the plaintiff's Third Amended Complaint state as follows:

1. Deny paragraph 1 because it does not state material facts.

2. Admit that the plaintiff was a citizen of the State of Connecticut, but deny the remaining allegations as vague.

3. Deny (see defendant's affirmative defenses).

### COMPLIANCE WITH ADMINISTRATIVE PROCEDURE

4. Admit that the plaintiff filed administrative charges with the Commission on Human Rights and Opportunities and the Equal Employment Opportunities Commission. Deny the remaining allegations for lack of information.

## PARTIES

5.Admit that the Commission on Human Rights and Opportunities (hereinafter "CHRO" or "Commission") is a agency of the State of Connecticut and that among its missions is to enforce human rights laws, to eliminate discrimination and to establish equal opportunity for all persons .

6.Admit paragraph 6 except for the last sentence referring to the capacities in which this defendant is being sued because such statements are not material facts, but legal conclusions.

7.Admit paragraph 7 except for the last sentence referring to the capacities in which this defendant is being sued because such statements are not material facts, but legal conclusions.

8.Admit that Dr. Pam Libby (hereinafter "Libby" or "defendant Libby") is employed by the State of Connecticut Department of Administrative Services (hereinafter "DAS") as a Director of Personnel Assessment and Staffing. Deny the remaining allegations as vague.

9.Admit that Richard Gordon (hereinafter "plaintiff" or "Mr. Gordon")  is a  black male, who might be considered by some to be of dark color.  Deny the remaining allegations for lack of knowledge.

## FACTS

10.Deny as vague and for lack of knowledge.

11.Deny as vague and for lack of information.

12. Deny.

13. Admit that the plaintiff was hired by the CHRO as a law clerk until he voluntarily resigned in March 2001. Deny the remaining allegations.

14. Admit that in March 1999, Cynthia Watts Elder (hereinafter "defendant Watts Elder") was appointed as the Acting Executive Director of the CHRO and had supervisory authority over subordinate CHRO employees.

15. Admit that a newspaper article appeared attributing a comment to defendant Watts Elder that there was a perception among some CHRO employees that the former Director Martin had hired certain employees outside the normal hiring process, otherwise deny the allegations in this paragraph.

16. Admit that the plaintiff was hired by the CHRO as a law clerk. Deny the remaining allegations as immaterial and for lack of knowledge.

17. Admit paragraph 17.

18. Admit that at some point after his graduation from law school, the plaintiff was assigned the duties of a durational Assistant Commission Counsel I (hereinafter ACC-1") in the West Central Regional office and paid at that rate, but his DAS classification as a law clerk was not changed. Furthermore, the plaintiff was assigned to investigate cases,

the same as employees who performed the same work as Human Rights & Opportunities Representatives (hereinafter "HRO Representative").

19. Admit that one of the goals Watts Elder hoped to accomplish at some time was to obtain permanent job positions for durational ACC – 1 employees. Deny the remaining allegations.

20. Deny.

21. Admit that the ACC-1 position, pursuant to the state job description, required a license to practice law in Connecticut within one year of appointment as a permanent employee. Deny the remaining allegations in paragraph 21 for lack of knowledge.

22. Deny.

23. Deny for lack of knowledge.

24. Admit.

25. Deny except for the portion stating that Femi Bogle-Assegai recommended the plaintiff for a durational position.

26. Admit only that in 2000 a DAS scope review of the ACC-1 position at the CHRO was conducted. Deny the remaining allegations for lack of knowledge.

27. Deny.

28. Deny.

29. Admit that Watts Elder authored a letter consistent with her stated goal of obtaining a permanent position for the provisional ACC-1 position. Deny the remaining allegations in paragraph 29.

30. Deny for lack of information.

31. Admit that in April 2000, Donald Newton (hereinafter "defendant Newton") informed the plaintiff that DAS was no longer going to approve CHRO's request to change the plaintiff's classification to permanent ACC-1 position and that the AAC-1 position in the regional offices had been "red circled" because the job duties of the ACC-1 employees in the regional offices were actually those of an HRO Representative. Furthermore, although he had no obligation to do so, defendant Newton informed the plaintiff that he could apply for a Human Rights Representative position. Deny the remainder of paragraph 31.

32. Deny for lack of information.

33. Deny for lack of information.

34. Admit that upon learning that DAS would no longer allow the CHRO to use the ACC-1 position for a person whose job duties were essentially that of a HRO Representative, defendant Newton so informed the plaintiff. Deny the remaining allegations as immaterial information about the plaintiff's interpretation of the communication from defendant Newton.

5

35. Admit that, to defendants' knowledge, the plaintiff was provided with a complete application. Deny the remaining allegations in paragraph 35.

36. Deny for lack of information.

37. Admit that a properly completed, timely filed application was required, but deny the remaining allegations in paragraph 37.

38. Admit that at some time the plaintiff did submit an application to DAS for the HRO Representative position. Furthermore, given the plaintiff's education, experience (not to mention his high opinion of himself), he should have had the ability to figure out what information was necessary to complete the HRO Representative application. It was not the defendants' job to hold the plaintiff's hand through the application process or even to assist him with it. Deny the remaining allegations in paragraph 38.

39. Admit that DAS rejected the plaintiff's application for HRO Representative as incomplete. Deny allegations about collective action taken by the defendants and all other allegations in paragraph 39.

40. Admit.

41. Admit that at some point the plaintiff was offered, and accepted, an HRO trainee position. Plaintiff's pay was adjusted to his position classification. Deny the remaining allegations in paragraph 41.

42. Deny for lack of information.

6

43. Admit.

44. Deny as vague and for lack of information.

45. Deny as vague and for lack of information.

46. Deny for lack of information.

47. Deny for lack of information and because it is vague.

48. Admit.

49. Deny for lack of information.

50. Deny as vague and for lack of information.

51. Deny.

52. Deny.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Admit that the two former Deputy Director positions were eliminated by the Commission in September 1999 and that a number of employees, both black and white, have been terminated from the CHRO for various reasons but deny all remaining allegations in paragraph 60.

61. Admit that lawsuits containing various allegations have been filed, but no finding of any discrimination has ever been made. All remaining allegations in paragraph 61 are denied.

**COUNT ONE, AGAINST CHRO:  TITLE VII**

Defendants incorporate by reference their answers to paragraphs 1-61 as stated herein.

62 .        Deny as vague and unintelligible.

63 - 71.    Deny.

**COUNT TWO, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON:  42 U.S.C.  §§ 1981, 1983, 1988.**

Defendants incorporate by reference their answers to paragraphs 1-61 as stated herein.

62 .        Deny as calling for a legal conclusion.

63 - 74.    Deny.

**COUNT THREE, AGAINST DEFENDANT DR. PAM LIBBY:  42 U.S.C. §§ 1981, 1983, 1988.**

Defendants incorporate by reference their answers to paragraphs 1-61 as stated herein.

62 .        Deny as calling for a legal conclusion.

63 - 74.    Deny.

**COUNT FOUR, AGAINST DEFENDANTS CYNTHIA WATTS ELDER, DONALD NEWTON AND DR. PAM LIBBY:  42 U.S.C.  §§ 1985(3), 1988**

Defendants incorporate by reference their answers to paragraphs 1-61 as stated herein.

62 -74.        Deny.

75-87.         Deny.

88-97.         Deny.

**COUNT FIVE, AGAINST DEFENDANTS CYNTHIA WATTS ELDER, DONALD NEWTON AND DR. PAM LIBBY: 42 U.S.C. §§ 1986, 1988**

Defendants incorporate by reference their answers to paragraphs

1-61 as stated herein.

62 -74.        Deny.

75- 87.        Deny.

88-89.         Deny.

90-98.         Deny.

**COUNT SIX, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: DEFAMATION.**

Defendants incorporate by reference their answers to paragraphs

1-61 as stated herein.

62 .           Deny.

63 - 69.       Deny.

**COUNT SEVEN, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: FALSE LIGHT.**

Defendants incorporate by reference their answers to paragraphs

1-61 as stated herein.

62 .   Deny.

63.    Admit that the plaintiff was not an attorney licensed to

practice law in the State of Connecticut, that the plaintiff notarized his

9

own signature as a Commissioner of the Connecticut Superior Court when he was not a Commissioner of the Connecticut Superior Court, that the plaintiff was charged with and acknowledged the he had committed acts that constitute the unauthorized practice of law in Connecticut and that the plaintiff sent one or more letters on CHRO stationary identifying himself as an "Attorney at Law " when he was not licensed to practice law in Connecticut.  Deny the remaining allegations in paragraph 63 of Count Seven.

64-73.    Deny.

**COUNT EIGHT, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: INTENTIONAL INFLICTION AND NEGLIGENT REPRESENTATION.**

Defendants incorporate by reference their answers to paragraphs 1-61 as stated herein.

62-74 .    Deny.

**COUNT NINE, AGAINST CYNTHIA WATTS ELDER AND DONALD NEWTON: ESTOPPEL.**

Defendants incorporate by reference their answers to paragraphs 1-61 as stated herein.

62 -74.    Deny.

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

Plaintiff has failed to state a claim upon which relief can be granted as to Counts 1-9.

SECOND AFFIRMATIVE DEFENSE:

The Eleventh Amendment bars all of plaintiff's claims against the individual defendants in their official capacity.

THIRD AFFIRMATIVE DEFENSE:

Plaintiff's § 1981 claim against the individual defendants for money damages is barred because Section 1983 is the exclusive remedy for alleged violations by state actors.

FOURTH AFFIRMATIVE DEFENSE:

Plaintiff's retaliation claim against the individual defendants is barred because Title VII is the exclusive remedy.

FIFTH AFFIRMATIVE DEFENSE:

The individual defendants are immune from liability under the doctrine of qualified immunity.

SIXTH AFFIRMATIVE DEFENSE:

The court lacks personal jurisdiction over defendant Libby in her individual capacity for lack of service of process.

SEVENTH AFFIRMATIVE DEFENSE:

The plaintiff's claims against the defendants are frivolous and knowingly false when made by the plaintiff, thereby entitling the defendants to attorneys' fees and costs.

**EIGHTH AFFIRMATIVE DEFENSE:**

The plaintiff's claims against Dr. Pam Libby, in her individual capacity, are barred by the applicable statute of limitations.

**NINTH AFFIRMATIVE DEFENSE:**

The plaintiff has failed to mitigate his damages.

**TENTH AFFIRMATIVE DEFENSE**:

The plaintiff has failed to exhaust his administrative remedies prior to filing suit on his claims.

**ELEVENTH AFFIRMATIVE DEFENSE**:

The individual defendants are immune from suit pursuant to Conn. Gen. Stat. § 4-165.

**TWELEVETH AFFIRMATIVE DEFENSE**

The defendant CHRO learned of after acquired evidence of wrongdoing that had it been discovered during the plaintiff's employment, it would have caused the defendants to take the same action or terminate plaintiff's employment.

WHEREFORE, having fully answered the plaintiff's Third Amended Complaint, the defendants pray that the case be dismissed and the defendants be awarded their costs and attorneys fees incurred herein.

DEFENDANTS,
COMMISSION ON HUMAN RIGHTS
AND OPPORTUNITIES, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar # ct21487
55 Elm Street, P. O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax: ( 860) 808-5383
E-mail:
Joseph.Jordano@po.state.ct.us


### CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Defendants' Answers and Affirmative Defenses to Plaintiff's Third Amended Complaint was mailed, United States mail, first class postage prepaid, on this 31st day of August , 2004, to:

Igor Sikorsky, Jr., Esq.
P.O. Box  38
Unionville, CT 06085


_____
Joseph A. Jordano
Assistant Attorney General