Gordon v. CHRO, et al.                              No. 3:01CV1656(MRK)

# ADDENDUM "A" TO MOTION TO STRIKE

Defendants move to the strike the follows portions of plaintiff Rule 56(a)(2) statement:

#4.   Assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). Defendant Libby contests proper service or process. Once the validity of service has been challenged, it becomes the plaintiff's burden to prove service of process was adequate. See, Cole v. Aetna Life & Cas., 70 F. Supp. 2d 106, 109 (D. Conn. 1999).

#5    Assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). This information is speculation, hearsay and is irrelevant.

#7    Assertion about why he was appointed as a durational law clerk is **not supported by any evidence** as required by Local Rule 56(a)(3). It is speculation, improper opinion and irrelevant.

#8    Assertion is **not supported by any evidence** as required by Local Rule 56(a)(3).

#9    Last sentence of paragraph is irrelevant and remaining paragraph is **not supported by any evidence** as required by Local Rule 56(a)(3).

#10.  Unclear what part is admitted and remaining assertion **not supported by any evidence** as required by Local Rule 56(a)(3).

#11   Unclear what part is admitted and remaining assertion **not supported by any evidence** as required by Local Rule 56(a)(3). Plaintiff's exhibit 11 does not state what plaintiff asserts about being hired "permanently," nor does it make any reference to the nature of the ACC-1 and HRO jobs. This exhibits speaks about being a legal intern. The statement is speculation, opinion and misleading.

#12   Object to all statements beyond being hired as a "durational ACC-1" because they are not **supported by any evidence** as required by Local Rule 56(a)(3). Plaintiff's statement about Leanne Appleton are speculative, irrelevant, hearsay, improper opinion and lack sufficient foundation.

#13   The assertions in this paragraph are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements in this paragraph are Gordon's improper opinion, hearsay, lack foundation, are speculative, are irrelevant and are not imputable to the defendants.

#17    The assertions in this paragraph are **not supported by any evidence** as required by Local Rule 56(a)(3). Plaintiff's exhibit 17 does not state what the plaintiff asserts. There is no reference in that exhibit to anyone having a law degree. The statements lack foundation and are speculation.

#18.   The assertion in this paragraph is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#19.   The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#20.   The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3).  The statements are plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#21.   This paragraph is a long rambling statement that is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's improper opinion, lacks foundation, is hearsay, is argumentative, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*  Plaintiff cannot testify to the conduct of others without foundation (i.e. he witnessed the facts himself). Plaintiff has no evidence to refute the sworn testimony of the CHRO Human Resources Manager showing when Dawne Westbrook and other employees were made permanent ACC-1 employees as they passed the bar. Plaintiff believes that he can simply make any statement he wishes irrespective of the rules of evidence.

#22.   The last sentence is argumentative and **unsupported by any admissible evidence** as required by Local Rule 56(a)(3). Again the plaintiff provides his own unsubstantiated opinion.

#23    Object to the last part of the statement as argumentative and lacks foundation.

#24    The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*.

#25.   The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#26. The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*.

#27. The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. The letter (plaintiff's exhibit 19) speaks for itself.

#28. The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. Plaintiff's exhibit 32(a) is not an actual job description for the ACC-1 position, nor does it actually refute the defendant's paragraph 28 statement by Dr. Libby that the SCOPE study revealed that the CHRO was using ACC-1 positions to perform the same functions.

#29. The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff assertion about a SCOPE study being done by "malcontents" is improper opinion, as are his speculations about why the SCOPE study was done by DAS.

#30 The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* The response is confusing and plaintiff's reference to credibility is improper.

#31 The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. Plaintiff's assertion does not relate to the fact stated in paragraph 31 of the defendant's Rule 56(a)(1) statement. It is simply argument.

#32. The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. Plaintiff's assertion either does not relate to the fact stated in paragraph 32 of the defendant's Rule 56(a)(1) statement

or are superfluous hearsay assertions relating to damages and other aspects of his case that are on their face inadmissible.

#33  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. Plaintiff's assertion about being told "things" by other CHRO employees is hearsay and lacks foundation. *Plaintiff needs to offer evidence of the actual exceptions to the rule that he claims he was forced to abide by.*

#34  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. Plaintiff's assertion about being told "things" by DAS "personnel" is hearsay and lacks foundation. *Plaintiff needs to offer evidence of the actual exceptions to the rule that he claims he was forced to abide by. DAS is not a party to this lawsuit and any hearsay statement requires foundation showing an exception to rule.*

#36  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. Plaintiff's assertion about being told "things" by DAS "personnel" is hearsay and lacks foundation. *Plaintiff needs to offer evidence showing an exception that would permit the admission of hearsay statements. Also, plaintiff's legal assertions of negligence or intentional conduct is immaterial and is not evidence.*

#37.  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*. What the plaintiff thought was required to get an HRO position is not material to this case.

#38.  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*.

#41  The assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement*.

#42 The response is vague and confusing because the defendant cannot tell what part of paragraph 42 is admitted. Further, plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#43 The response is vague and confusing because the defendants cannot tell what part of paragraph 42 is admitted. Further, plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#44 Move to strike everything other than the fact that Watts Elder hired the plaintiff at a lower paying permanent position. The remaining assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#45 Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff has offered no evidence to refute the supported facts stated in this paragraph of the defendants' Rule 56(a)(1) statement.

#46 Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff has offered no evidence to refute the supported facts stated in this paragraph of the defendants' Rule 56(a)(1) statement.

#48 Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff has offered no evidence to refute the supported facts stated in this paragraph of the defendants' Rule 56(a)(1) statement.

#49 Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff has offered no evidence to refute the supported facts stated in this paragraph of the defendants' Rule 56(a)(1) statement.

#50  Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff has offered no evidence to refute the supported facts stated in this paragraph of the defendants' Rule 56(a)(1) statement.

#51  Move to strike everything after the word "Admit" as argument and because it *does not refute the stated fact in the defendant's Rule 56(a)(1) statement of facts.*

#52  Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff's exhibit 44(f) does not support the assertions stated by plaintiff.

#53  Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff's exhibit 51 does not support the plaintiff assertion regarding the fact stated in the Rule 56(a)(1) statement.

#54  Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#55  The response is vague and confusing because the defendant cannot tell what part of paragraph 42 is admitted. Further, plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#56  The response is vague and confusing because the plaintiff admits the stated fact in paragraph 56 and goes on to make assertions **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff Exhibit 56 is inadmissible hearsay and there is no foundation.

#57  Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff's exhibits 57(a), 57(b) and 57(c) do not support the plaintiff assertion regarding the fact stated in the Rule

56(a)(1) statement. Plaintiff's reference to another CHRO employee who was allegedly demoted lacks foundation and is not supported by admissible evidence. Plaintiff reference to statements allegedly made by Dawne Westbrook are hearsay and an attempt by plaintiff to interject innuendo and speculation into the case.

#58   Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#59   Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#60   Move to strike everything after the word "admit" and argument.

#61   The response is vague and confusing because the plaintiff admits the stated fact in paragraph 61 and goes on to make assertions **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* There is no exhibit 55 attached to the plaintiff's response that was submitted to the defendant.

#62   Move to strike everything as argument and because it is not facts supported by admissible evidence.

#63    Move to strike everything as argument and because it is not facts supported by admissible evidence.

#64    The response is vague and confusing because it is not clear what fact is being admitted and the plaintiff goes on to make assertions **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#65   Move to strike everything as argument and because it is not facts supported by admissible evidence.

#66   Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#67   Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks

foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#68   Plaintiff's assertion is **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#69   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#70   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#71   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#72   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#73    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#74   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#75   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#76   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#77   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#78   Move to strike as everything as argument and because it is not facts supported by admissible evidence.

#79   Move to strike everything after the word "admit." Plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#80   Move to strike everything after word "admit." Plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#81   Move to strike everything as argument and because it is not facts supported by admissible evidence.

#82   Move to strike everything as argument and because it is not facts supported by admissible evidence.

#83   Move to strike everything as argument, speculation and because it is not facts supported by admissible evidence. Plaintiff thoughts about how matters could have been handled or his perception about events are not admissible facts.

#84   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#85   Move to strike everything as argument, speculation, lacks relevancy and because it is not facts supported by admissible evidence. Plaintiff thoughts about how matters could have been handled or his perception about events are not admissible facts.

#86   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#87   Move to strike everything as argument, speculation, lacks relevancy and because it is not facts supported by admissible evidence. Plaintiff thoughts about how

matters could have been handled or his perception about events are not admissible facts.

#88  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#89  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#91  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3).

#92  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#93  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#94  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#95  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#96  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#97  Move to strike everything after the word "admit." Plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for

speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#99  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#100  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#101  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff goes well beyond the facts stated in the defendants' Rule 56(a)(1) statement and argues his case based on NO admissible evidence.

#102  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#103  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#104  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#106  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's

argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#107   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#108   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). Adopt defendants' objections contained herein.

#109   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#110   Move to strike as non-responsive and irrelevant.

#112   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#113   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#114   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#115   Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's

        argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#116    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#117    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#118    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#119    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#120    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#121    Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded speculation.

#122    Move to strike as non-responsive.

#123  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded statements.

#124  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#125  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#126  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*

#127  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff offered no admissible factual evidence to refute the facts stated in defendants' Rule 56(a)(1) statement, except his unfounded statements or opinions.

#128  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.* Plaintiff has not offered any evidence to bad faith on Newton's part or refuted the testimony of Shaddy Kessing.

#129  Move to strike everything because plaintiff's assertions are **not supported by any evidence** as required by Local Rule 56(a)(3). The statements are plaintiff's argument, improper opinion, lacks foundation, is hearsay, calls for speculation, is irrelevant and *does not refute the stated fact in the Rule 56(a)(1) statement.*