UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD GORDON<br>   *Plaintiff*, | : CIV. NO. 3:01CV1656 (MRK)<br>:<br>: |
| v. | :<br>: |
| COMMISSION ON HUMAN<br>RIGHTS AND OPPORTUNITIES, ET AL.<br>   *Defendants* | :<br>:<br>: February 10, 2005 |

**DEFENDANTS' MEMORANUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**

Throughout this case, the defendants have been forced to confront the plaintiff's specious and unsubstantiated allegations based on nothing more than his own opinion or speculation. Defense counsel spent numerous hours compiling a detailed summary judgment motion that included a Rule 56(a)(1) statement of facts, each one of which was supported by a specific reference to evidence (affidavits, deposition testimony, business records, etc). Despite having over 2 MONTHS and two extensions of time to prepare a response, what Richard Gordon submitted on February 2, 2005 to the Court does not comply with a Rule 56(a)(2). Instead, it is a statement in which the plaintiff himself, Richard Gordon, went through the defendants' Rule 56(a)(1) statement and denied certain facts[1] based on argument, speculation, lack of personal knowledge, inadmissible hearsay, his assessment of the defendants' credibility, and personal opinion. He offers no evidence at all. Sometimes he offers a re-written statement of a fact more to his liking, again without evidence to support it. So blatantly incompetent and confusing is Gordon's

---

[1] All paragraph # references, except as otherwise noted, refers to the plaintiff's Rule 56(a)(2) statement of facts.

response, that the defendants have attached to this motion an itemized list of each paragraph that must be stricken and the evidentiary basis for its exclusion.

### THE RESPONSE FAILS TO COMPORT WITH THE LOCAL RULE

Local Rule 56, formerly Local Rule 9, is very simple to understand. It requires that the non-movant's resistance to summary judgment contain two parts. First, the plaintiff must admit or deny each of the facts set forth in the defendants' Rule 56(a)(1) statement. Second, the plaintiff must set forth a separate section of FACTS evidencing disputed issues of fact that in total would support a prima facie case. Furthermore, Section (a)(3) of Local Rule 56 requires that each denial of a fact or affirmative statement of fact be supported by "affidavit of a witness competent to testify as to the facts at trial and/or evidence that would be admissible at trial." Local Rule 56(a)(3); <u>Avery v. City of West Haven</u>, 2001 U.S. Dist. LEXIS 24394 (D. Conn 2001). The rule could not be clearer for a person such as Gordon, who takes pride in the fact that he is a lawyer admitted to practice in New Jersey. The rule does not say: At the plaintiff's option, he or she can simply combine the two portions or omit references to admissible evidence wherever convenient, as Mr. Gordon apparently interprets the rule. Nor does the Local Rule suspend the Federal Rules of Evidence that require such things as foundation for facts based on personal knowledge or the exclusion of hearsay unless evidence is offered establishing a recognized exception to the hearsay rule. Gordon apparently believes that his response can contain his opinion or speculation about facts to which he has NO PERSONAL knowledge as required under the rules of evidence. Certainly if Gordon is incapable of following the rule, Mr. Gordon's counsel should know better.

In the present case, the plaintiff's denial of facts from the Defendants' Rule 56(a)(1) statement is filled with inadmissible evidence and assertions unsupported by any evidence. More disconcerting is the plaintiff's apparent incorrect belief that he can avoid summary judgment by simply denying a fact through a contrary assertion irrespective of whether there is any **actual admissible evidence** to support the assertion.[2] Also unappreciated by plaintiff is the rule of law that simply contesting a fact does **NOT establish a prima facie case**. The plaintiff's failure to produce affirmative facts in compliance with the rule is a serious problem. How can the court properly examine the evidence as presented in such a convoluted and confusing manner?

### THE PLAINTIFF'S RULE 56(a)(2) DENIAL OF CERTAIN FACTS IS INADMISSIBLE BECAUSE OF A LACK OF SUPPORT BASED ON ADMISSIBLE EVIDENCE.

Addendum "A" to this motion identifies "statements" in the 56(a)(2) response that should be stricken. Examples of the plaintiff's flagrant disregard of (or his profound ignorance of) the rules of evidence are so numerous in the plaintiff's submission, that the defendants will simply mention a few examples here to demonstrate the extent of the deficiency in the plaintiff's response.

Gordon's Rule 56(a)(2) response is filled with numerous references to hearsay conversations or things that he was "told" by someone not a party to this case. For instance, paragraphs 13, 18, 33, 34, 44 and 50 are but a few examples of the plaintiff's carefree approach of describing hearsay conversations that allegedly occurred. In paragraph 13, the plaintiff describes a conversation that allegedly occurred involving former CHRO Executive Director Louis Martin. There is no evidence that the plaintiff

---

[2] Plaintiff's counsel failed to sign the Rule 56(a)(2) statement. Instead, Richard Gordon signed the statement without an oath (so it is NOT an affidavit) attempting to use the Rule 56(a)(2) statement as a quasi affidavit.

heard Mr. Martin's comment in 1991 because he was **not even hired by the CHRO until 1996.** Instead, Gordon reiterates as fact something that was told to him by someone else, no doubt because he thinks such hearsay will bolster his case. Even if such a statement in 1991 had some relevance to this particular case, the hearsay statement of a nonparty is inadmissible absent foundation for an exception to the hearsay rule.

Similarly in paragraph 18, the plaintiff states as a fact an alleged comment made by an unidentified CHRO manager. Never mind that Gordon cannot lay foundation as to when the comment was allegedly made, whether the defendants knew about it, and how it is material to his case. It is just another example of Gordon playing fast and loose with the rules of evidence because he doesn't understand them or chooses to ignore them. What ever FACT Gordon desires to testify to, he must lay FOUNDATION establishing person knowledge, relevancy, and authentication where necessary. Gordon's speculation and argument is NOT evidence.

A final example appears in paragraph 50. In this paragraph, the plaintiff asserts that some unidentified person at DAS told him about another CHRO employee, Paula Ross, who Gordon claims was admitted to an HRO examination despite failing to complete the application correctly. Again, such a comment is premised on hearsay with no foundation that would make this alleged comment admissible. Defendants remind the court that in their summary judgment they produced sworn testimony from Dr. Pam Libby regarding the DAS examination history of CHRO employee Paula Ross-- testimony that the plaintiff cannot refute. Ironically, even if a DAS employee mistakenly gave Gordon inaccurate information, Gordon cannot prove the truth of the statement asserted using hearsay. Unfortunately, one of Gordon's typical tactics throughout this

4

case has been to attribute statements of fact to unidentified persons. The defendants submit that there are many other statements of fact asserted by Gordon premised in inadmissible hearsay, that also lack foundation. The court should exclude every paragraph of Gordon's Rule 56(a)(2) response that contains hearsay.

Gordon's response is also filled with numerous statements of fact, too many to count, with absolutely NO EVIDENCE to support the facts stated. For instance, in the first 10 paragraphs alone, #'s 4, 5, 7, 8, 9 and 10 list facts for which there is no citation to admissible evidence at all. This is true of almost every paragraph. Gordon habitually provides a response that either has no citation to admissible evidence, or references a document that does not reflect what he states or only applies to a small portion of the stated facts that are included in a paragraph.

Paragraph 44 is a classic example of this error. The actual fact submitted by the defendants simply states that " Instead of just letting the plaintiff's employment end in June 2000, Cynthia Watts Elder hired the plaintiff in a lower paying, but permanent, HRO trainee position . . ." (Facts, ¶ 44).  Gordon's response admits that he was hired at the lower paying job, but then goes on to assert over a page of facts (single spaced), most of which have no supporting evidence. Gordon's statements include hearsay, personal opinion, irrelevant statements unrelated to the stated fact, with no foundation to establish their admissibility.  Apparently, Gordon just figured that after every fact he would simply "tell his story" whether or not it was supported by admissible evidence.

Gordon's response is not short on argument or blanket statements about the defendants' credibility. In numerous paragraphs he begins with a remark about the Defendants' position lacking credibility. Such a statement is immaterial because

5

credibility is not within the scope of summary judgment. See <u>Anderson v. Liberty Lobby, Inc</u>., 477 U.S. 242, 255 (1986).

For example, see paragraphs 28, 30, 32, 46, 49, 50, 52, 53, 57, 62, 65, 70, 83 and 85. Unfortunately, Gordon's most blatant disregard for the rules concern him making statements of fact with NO FOUNDATION. He fails to establish that he has personal knowledge of the facts asserted or to establish relevancy. Instead, what the court will see are countless statements based on SPECULATION. The following examples illustrate this point.

In paragraph 102, the defendants provided the names of the CHRO employees who were hired in <u>permanent</u> ACC-1 positions and their respective dates of admission to the Connecticut bar based on the sworn testimony of the CHRO Human Resource director. The purpose of this was to refute Gordon's claim that other employees were hired in permanent ACC-1 positions (versus those with durational status such as Gordon) and were given more than a year to get admitted to the Connecticut Bar as required for a permanent ACC-1 job. Gordon's response is to state the Attorney Dawne Westbrook was hired on a different date without any evidence showing that he knows this fact based on personal knowledge. He goes on in that paragraph to reiterate other facts with no foundation. If the defendants' statement is incorrect, Gordon needs sworn testimony from a person with personal knowledge. There are many other examples, but these types of responses serve as a subterfuge for a total lack of actual admissible evidence.

Similarly, in paragraph 103, Gordon makes a statement about CHRO employee Susan Hom, with absolutely no foundation showing personal knowledge or evidence to support his statements. Where is the CHRO policy to which he refers? Where is the

6

evidence that Ms. Hom was transferred contrary to CHRO rules or that she has been paid for full time work when only working part-time? Where are the time or payroll records? The simple answer is that Gordon doesn't have any evidence, but only has hearsay speculation based on gossip.

There are also examples of Gordon admitting parts of a stated fact without identifying what exactly is being admitted in his response, and then proceeding to launch into a long statement of facts unrelated to the particular stated fact in the Defendants' Statement. See paragraphs 61, 64 and 69 as examples.

When there are no facts supported by admissible evidence, Gordon's approach is simply to argue with the defendants' evidence. See paragraphs 65, 69, 70, 83 and 102 as examples.

## **CONCLUSION**

The plaintiff's Rule 56(a)(2) statement is insufficient and presents a confusing and unsupported morass of minutia that prevents both the court and the defendants from evaluating whether there are contested issues of material fact sufficient for the plaintiff to prove a prima facie case. The plaintiff's Rule 56(a)(2) statement should be stricken for the reasons set forth herein. The plaintiff has failed to comply with the Local Rule despite having over two (2) months to prepare a response to summary judgment.

          DEFENDANTS

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY:  _____
    Joseph A. Jordano
    Assistant Attorney General
    Federal Bar # ct21487
    55 Elm Street, P.O. Box 120
    Hartford, CT 06141-0120
    Tel: 860-808-5340
    Fax: 860-808-5383
    email: Joseph.Jordano@po.state.ct.us

## **CERTIFICATION**

The undersigned hereby certifies that on the 10th day of February, 2005, a true and accurate copy of the foregoing Defendants' Memorandum of Law in Support of their Motion to Strike was sent by United State mail, postage prepaid, to the following:

Igor Sikorsky, Esq.
P.O. Box 38
Unionville, CT 06085

          _____
          Joseph A. Jordano
          Assistant Attorney General