UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RICHARD A. GORDON : | CASE NO. 3:01 CV1656 (MRK) |
| Plaintiff, : | |
| : | |
| V. : | |
| : | |
| COMMISSION ON HUMAN : | |
| RIGHTS AND OPPORTUNITIES, ET AL. : | |
| Defendants. : | |
| : | FEBRUARY 25, 2005 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S CLAIMED
UNDISPUTED FACTS, AND DEFENDANT'S MOTION TO STRIKE**

Plaintiff, Richard Gordon, herewith responds to the claims of "undisputed facts" alleged by defendant on a sequential basis following the numbers set forth by defendant. The detailed evidentiary rebuttals are set forth in Supplemental Rebuttal attached hereto. In accord with Defendant's Motion to Strike:

1.  This is not contested for purposes of Summary Judgment. While it is not material to this case, Gordon is still a legal resident of Bloomfield.

2.  This paragraph is not contested.

3.  This paragraph is not contested.

4. This alleged fact is contested insofar as it calls for a legal conclusion rather than a fact. Gordon contends that service on the Commission was adequate to confer jurisdiction. Further, as a matter of law, there was waiver since this issue was not raised until the answer to the Third Amended Complaint.

5. This paragraph is not contested.

6. This paragraph is not contested.

7. This is not really a statement of fact but an assertion of law. As such, Gordon in this pleading can neither admit nor deny. However, Gordon was appointed "durational law clerk" as hereinbefore set froth. See Gordon Affidavit, Paragraphs 7 and 8.

8. The same response as to Paragraph 7 above. Gordon was appointed for six-month periods until appointed as Assistant Commission Counsel I on June 18, 1999. See Gordon Affidavit, Paragraphs 7 and 8.

9. Admit for purposes of this Motion.

10. Admit for purposes of this Motion.

11. Admit for purposes of this Motion.

12. This paragraph is contested. A more accurate statement of fact is set forth in Gordon's Affidavit, Paragraph 12.

13. This paragraph is contested. A more accurate statement of fact is set forth in

Gordon's Affidavit, Paragraph 13.

    14.    This paragraph is not contested.

    15.    This paragraph is not contested.

    16.    This paragraph is not contested.

    17.    A more accurate statement of fact is set forth in Gordon's Affidavit, Paragraph 17.

    18.    This paragraph is not contested.

    19.    This paragraph is contested.  See Paragraph 19 of Gordon's Affidavit.

    20.    This paragraph is not contested.

    21.    This paragraph is not contested. A more accurate statement demonstrating unequal treatment is set forth in Gordon's Affidavit, Paragraph 21.

    22.    This paragraph is contested.  See Paragraph 22 of Gordon's Affidavit

    23.    This paragraph is not contested.

    24.    This paragraph is not contested.

    25.    This paragraph is not contested.

    26.    This paragraph is not contested.

    27.    This statement is contested insofar as it represents a material omission.

Gordon's Affidavit, Paragraph 27, states that Ms. Elder stated in September 1999 that "all

durational positions were to be made permanent, and <u>that it was imminent</u>."  See Gordon's Affidavit, Paragraph 27, and Exhibit 19 already filed.

28. This paragraph is contested.  The positions of ACC-1 and HRO were not identical.  See Gordon's Affidavit, Paragraph 28, and Exhibit 32a.

29. This paragraph is not contested.

30. This paragraph is contested.  See Gordon's Affidavit, Paragraph 30.

31. This paragraph is not contested.

32. This paragraph is contested.  See Gordon's Affidavit, Paragraph 32, and Exhibit 32b.

33. This paragraph is contested.  A correct statement of these events is set forth in Gordon's Affidavit, Paragraph 33, and Exhibit 32c.

34. This paragraph is not contested.

35. This paragraph is contested.  The paragraph misleads since it implies Gordon knew or should have known the procedures.  See Gordon's Affidavit, Paragraph 35, and Exhibits 32a and 32d.

36. This paragraph is contested.  See Gordon's Affidavit, Paragraph 36, and Exhibit 32a.

37. This paragraph is contested. See Gordon's Affidavit, Paragraph 37, and

Exhibit 32a.

38. This paragraph is contested. No courtesy was extended to Gordon. See Gordon's Affidavit, Paragraph 38.

39. This paragraph is contested. See Gordon's Affidavit, Paragraph 39.

40. This paragraph is not contested.

41. This paragraph is neither admitted nor denied. It is immaterial to this Motion.

42. This paragraph is not contested.

43. This paragraph is admitted.

44. This paragraph is contested. An accurate statement of the proceedings is set forth in Gordon Affidavit, Paragraph 44, and Exhibits on file.

45. This paragraph is contested. The accurate statement is set forth in Gordon's Affidavit 45.

46. This paragraph is contested. Gordon's Affidavit states that an exception was made for Paul Ross. See Gordon's Affidavit, Paragraphs 45 and 46.

47. This paragraph is not contested.

48. This paragraph is not contested.

49. This paragraph is contested. See Gordon's response in Paragraphs 44, 45 and 46 of his Affidavit.

- 5 -

     50.     This paragraph is contested.  See Gordon's Affidavit re: Paula Ross.

     51.     This paragraph is not contested.

     52.     This paragraph is contested.  His salary and status was substantially affected. See Gordon's Affidavit, Paragraph 52.

     53.     This paragraph is contested.  See Gordon's Affidavit *supra*, Paragraph 52.

     54.     This paragraph is not contested except his income was dropped to $35,000, not $38,000.

     55.     This paragraph is not contested.

     56.     This paragraph is not contested.

     57.     This paragraph is contested.  The "issues" with Gordon's work occurred after Gordon filed a discrimination complaint with EEOC and thus have no bearing on this case.

     58.     This paragraph is not contested.

     59.     This paragraph is not contested.

     60.     This paragraph is not contested.

     61.     This paragraph is not contested.

     62.     This paragraph is contested.  It is inconsistent with the defendant's Paragraph 60 *supra*.

     63.     This paragraph is not contested.

64. This paragraph is not contested.

65. This paragraph is contested. Gordon had already filed a complaint with EEOC concerning his demotion.

66. This paragraph is contested. See Gordon's Affidavit, Paragraphs 62-66.

67. This paragraph is contested. See Gordon's Affidavit, Paragraphs 62-66.

68. This paragraph is contested. See responses to alleged uncontested facts set forth in Paragraphs 63, 63, 64, 65, and 66.

69. This paragraph is not contested.

70. This paragraph is contested. The actual response is set forth in Gordon's Affidavit, Paragraph 70.

71. This paragraph is contested. The data is supported in our responses and to Paragraphs 62, 63, 64, 65, 66, and 70.

72. This paragraph is contested. The envelope was not in Gordon's handwriting. See Gordon's Affidavit, Paragraph 72.

73. This paragraph is not contested in the sense that the letter speaks for itself. See Exhibit 19 to Defendant's Motion for Summary Judgment.

74. This paragraph is admitted. See response to Paragraph 73, *supra*.

75. This paragraph is contested in that it is argumentative and misleading. It

purports to read Gordon's mind and ignores the fact that Gordon's FMLA request had effectively been denied. (See Paragraph 70, *supra*).

  76. This paragraph is contested. It is clear from earlier paragraphs (see Paragraph 60, *supra*) that Gordon had informed his manager.

  77. This paragraph is not, as stated, contested.

  78. This paragraph is not, as stated, contested.

  79. This paragraph is not contested. However, the total cost was less than $12. See Gordon's Affidavit, Paragraph 79.

  80. This paragraph is denied. See Gordon's Affidavit, Paragraphs 79 and 80.

  81. This paragraph is not contested, in that the letter speaks for itself.

  82. This paragraph is contested. See Gordon's Affidavit, Paragraph 82.

  83. This paragraph is not contested.

  84. This paragraph is contested. Gordon has stated he observed Kessing at Newton office. See Gordon's Affidavit, Paragraph 82.

  85. This paragraph is contested. Defendant's own allegations are that the Grievance Committee was contacted on repeated occasions and a second grievance was filed against Gordon.

  86. This paragraph is admitted. Newton's letters (Exhibit 24 of Summary

- 8 -

Judgment Motion) speaks for itself.  Gordon never, however, received the letter.

      87.    This paragraph is not contested, insofar as it alleges Rothers made such a report to Newton.  However, this was after Gordon's departure and after he filed a complaint with EEOC.

      88.    This paragraph is not contested insofar as it alleges such a letter (Exhibit 26 of defendant's motion); however, as stated earlier, Gordon informed Ms. Assegai more than two weeks earlier.

      89.    This paragraph is contested insofar as it is argumentative and adds items not pertinent.  It is contested that Gordon wrote his letter (Exhibit 27 of Summary Judgment Motion) contesting the claim that he had not given notice.

      90.    This paragraph is contested because it editorializes greatly.  It is an uncontested fact that Daniel B. Horowitz wrote Gordon on May 31, 2001.  (Exhibit 28)

      91.    This paragraph is contested because it editorializes significantly.  It is an undisputed fact that Edmond wrote to Horowitz on June 27, 2001.
(See Exhibit 29)  However, the exhibit speaks for itself without additional comment.

      92.    This paragraph is contested.  See Gordon's Affidavit, Paragraph 92.

      93.    This paragraph is not contested.

      94.    This paragraph is not contested but this is limited to the contents of Exhibit

31, a document which speaks for itself.

      95.    This paragraph is not contested. The time issue arose after Gordon's departure, but also Gordon had many ways to enter which might not be reflected. See Gordon's Affidavit, Paragraph 95.

      96.    This paragraph is not contested insofar as it alleges a letter was written. (Exhibit 31) The balance of said paragraph is editorialized.

      97.    This paragraph is not contested.

      98.    This paragraph is not contested.

99. This paragraph is contested. Plaintiff contends now, and throughout these proceedings, that he was demoted (see Paragraph 52) and constructively discharged.

100. This paragraph is contested. It calls for "mind reading" of Newton and is not pertinent to this action.

101. This paragraph is not contested only insofar as it alleges that Gordon has not been admitted to the Connecticut Bar. The balance is contested.

102. This paragraph is contested. See Gordon's Affidavit, Paragraph 102.

103. This paragraph is contested. See Gordon's Affidavit, Paragraph 103.

104. This paragraph Gordon can neither contest nor deny. However, at best it affects only damages and occurs long after Gordon's departure.

105. This paragraph is not contested.

106. This paragraph is contested. See Gordon's Affidavit, Paragraph 106.

107. This paragraph is not contested. See response to Paragraph 106.

108. This paragraph is not contested. See response to Paragraph 69.

109. This paragraph is contested insofar as it alleges that Gordon wrote a paper supporting Louis Martin.

110. This paragraph is not contested.

111. This paragraph is not contested.

112. This paragraph is not contested.

113. This paragraph is confusing and Gordon can neither admit nor deny it.

114. This paragraph is not contested. Gordon has stated sequence of facts which amply demonstrate the action of Newton in relationship to his application to the Connecticut Bar. Gordon's application is still pending.

115. This paragraph is contested. Gordon wrote his article, a fact conceived by defendants. See Gordon's Affidavit, Paragraph 112.

116. This paragraph is not contested.

117. This paragraph is contested. Exhibit 4 speaks for itself. This paragraph calls for a legal conclusion, not a statement of fact.

118. This paragraph is contested as written with its editorial comments. It is <u>not</u> contested that the CHRO hired a white female into a position for which Gordon never applied.

119. This paragraph is contested as written but should be read in light of Gordon's Affidavit, Paragraph 119.

120. This paragraph is contested. See Gordon's Affidavit, Paragraph 120.

121. This paragraph is not contested.

122. This paragraph cannot be responded to on an admit/deny basis. It calls for

legal conclusions rather than facts.

    123.    This paragraph is denied.  See Gordon's Affidavit, Paragraph 123.

    124.    This paragraph is not an assertion of fact but an editorial argument.  However, to the extent it should be commented upon.  See Gordon's Affidavit, Paragraph 124.

    125.    This paragraph is, as stated, accurate but misleading.  See Gordon's Affidavit, Paragraph 125.  Gordon's application is still pending for the Connecticut Bar.

    126.    This paragraph purports to state an undisputed fact, but is a legal argument.  Gordon asserts he was discriminated against because of race, color, national origin, and retaliated against because he objected to racial actions by defendants.

    127.    It is conceded that the Office of the Attorney General so informed plaintiff and his attorney.  What fees were incurred by Newton is not contested.  Gordon claims defendant Newton is one of the main actors at defendant.  It was Donald Newton who called plaintiff about 15 minutes after publication of the Connecticut Bar results directing him to apply for the vacant HRO Representative position.  It was also Newton who made inquiries about plaintiff's work time while Susan Hom worked 30 hours per week and was paid as full salary as an ACC-I.  It was also Newton who claimed plaintiff owed the State of Connecticut $16.04 for the use of CHRO's postage meter.  It was Newton who filed a "bad faith (as defined by the Connecticut Bar Examinee's Release Documents as the only basis for

liability)" frivolous grievance against plaintiff with the Connecticut Statewide Grievance Committee in June 2001, two months after plaintiff had constructively quit defendant, CHRO. This latter action by Newton took place for the singular purpose of thwarting plaintiff's efforts to gain admission to the Connecticut Bar. Newton had previously ratified this very settlement agreement around January 2001, which he subsequently used as the basis for the grievance against plaintiff.

      128.    Paragraph 128 states the salary Gordon now earns. This is conceded as accurate.

      129.    This paragraph is contested to the extent it is pertinent and relevant Gordon has always assisted in the care of his mother, to the best of his ability.

PLAINTIFF

BY_____
Igor I. Sikorsky, Jr.
P.O. Box 38
Unionville, CT 06085
(860) 675-5313
Fed. Bar #04233


**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was mailed first-class, postage prepaid on

February 25, 2005, to the following:

Joseph A. Jordano
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

_____
Igor I. Sikorsky, Jr.

- 15 -